**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Eastern District of Michigan

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Henry Ford Village, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 38-3087328 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 15101 Ford Road | |
| Number    Street | Number    Street |
| | P.O. Box |
| Dearborn    MI    48126 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Wayne County | |
| County | Number    Street |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)   https://henryfordvillage.com/

6. **Type of debtor**
   - ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

Debtor  Henry Ford Village, Inc.
　　　　Name

Case number (if known) _____

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply:*

☑ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .
8051

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check **all** that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes.　District _____　When _____　Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY
　　　　　District _____　When _____　Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
☐ Yes.　Debtor _____　Relationship _____
　　　　　District _____　When _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY
　　　　　Case number, if known _____

| Debtor | Henry Ford Village, Inc. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number   Street

_____

_____
City                                    State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
         Contact name _____
         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☑ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Henry Ford Village, Inc. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/28/2020
MM / DD / YYYY

✗ _/s/ signature_ 　　　　Chad Shandler
Signature of authorized representative of debtor　　Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗ _/s/ Sheryl Toby_ 　　　　Date  10/28/2020
Signature of attorney for debtor　　　　　　　　　　　MM / DD / YYYY

Sheryl Toby
Printed name

Dykema Gossett PLLC
Firm name

39577 Woodward Avenue 300
Number　Street

Bloomfield Hills　　　　　MI　　48304
City　　　　　　　　　　　State　ZIP Code

248-203-0700　　　　　　stoby@dykema.com
Contact phone　　　　　　　Email address

P39114　　　　　　　　　　MI
Bar number　　　　　　　　State

## MINUTES THE MEETING OF THE BOARD OF DIRECTORS
## OF
## HENRY FORD VILLAGE, INC.

A meeting of the Board of Directors (the "Board") of Henry Ford Village, Inc., a Michigan nonprofit corporation (the "Corporation"), was held by telephone conference on Thursday, October 26, 2020, commencing at 10:00 a.m. The following Directors were in attendance: John Byrne, Chairman, Don Jesmore, Karen Ross, Peter Falzon, Walt Talamonti, Mary Lou Posa, and Linda Hiveley. Also in attendance were Sheryl Toby and Phyllis Adams of Dykema Gossett PLLC, the Corporation's legal counsel ("Dykema") and Chad Shandler of FTI Consulting as Chief Restructuring Officer for the Corporation.

A quorum of directors being present, the Board Chairman called the meeting to order. As Curt Yun was unable to attend the meeting, the Board designated Linda Hiveley as Assistant/Acting Secretary for the meeting. Given the involvement of legal counsel and nature of the discussions, the entire meeting was confidential and within the scope of attorney-client privilege.

Dykema provided a thorough and detailed presentation of legal issues relevant to the financial situation of the Corporation, including a report on a recent hearing regarding the Plumley litigation.

The Board discussed the information presented by Dykema regarding legal options including the potential of filing a voluntary petition for relief for the Corporation under the bankruptcy provisions of chapter 11 of title 11 of the United States Code, the bankruptcy process, and the interview process for investment bankers, marketing companies and other advisors to the Corporation with respect to a potential sale of the Corporation's facility in conjunction with any bankruptcy proceedings.

A motion was made and seconded to adopt the resolutions attached hereto as Exhibit A (the "Resolutions"). After further discussion of the motion and the Resolutions, the Board adopted the Resolutions, with all of the directors voting in favor of the resolutions.

There being no further business to bring before the Board, the meeting was duly adjourned.

_____
Linda Hiveley, Assistant/Acting Secretary
Dated: October 26, 2020

## EXHIBIT A

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## HENRY FORD VILLAGE, INC.

October 26, 2020

The Board of Directors (the "Board") of Henry Ford Village, Inc., a Michigan nonprofit corporation (the "Corporation"), on October 26, 2020, at a meeting at which a quorum of directors was present, approve and adopt the following resolutions.

**A.     Chapter 11 Filing**

**WHEREAS,** the Board has considered presentations by management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it and the effect of the foregoing on the Corporation's business; and

**WHEREAS,** the Board has had the opportunity to consult with the management and the financial and legal advisors of the Corporation and fully consider each of the strategic alternatives available to the Corporation; and

**WHEREAS,** the Board has previously approved the retention of FTI Consulting, Inc. ("FTI") as a financial consultant to the Corporation and the appointment of Mr. Chad Shandler as Chief Restructuring Officer (the "CRO") for the Corporation.

**NOW, THEREFORE, IT IS**

**RESOLVED,** that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief for the Corporation (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is further

**RESOLVED,** that in the judgment of the Board, it is desirable and in the best interests of the Corporation to continue the retention of Mr. Chad Shandler as CRO in connection with the Chapter 11 Case; and it is further

**RESOLVED,** that the Corporation's Executive Director, Board Chairman, or the CRO (each an "Authorized Officer") is authorized, empowered and directed to execute and file on behalf of the Corporation all petitions, schedules, lists and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operations of the Corporation's business; and it is further

**RESOLVED,** that the Authorized Officer is authorized, empowered and directed to certify the authenticity of these resolutions.

**B.     Retention of Professionals**

**IT IS FURTHER RESOLVED,** that the Authorized Officer is authorized and directed to retain the law firm of DYKEMA GOSSETT PLLC as general bankruptcy counsel in the Chapter 11 Case to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DYKEMA GOSSETT PLLC; and it is further

**RESOLVED**, that the Authorized Officer is authorized and directed to retain the firm of Kurtzman Carson Consultants, LLC ("KCC") in the Chapter 11 Case as notice, claims, and balloting agent and as an administrative advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC; and it is further

**RESOLVED,** that the Authorized Officer is authorized and directed to continue the retention of FTI as financial advisor for the Corporation to represent and assist the Corporation in the Chapter 11 Case in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of FTI; and it is further

**RESOLVED,** that the Authorized Officer is authorized and directed to retain any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED,** that the Authorized Officer is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such Chapter 11 Case.

**C.     General**

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer (and their designees and delegates) is authorized and

empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED,** that all members of the Board of the Corporation have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice; and it is further

**RESOLVED,** that the Authorized Officer (and its designees and delegates) is authorized and empowered to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein; and it is further

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

# CERTIFICATION OF CORPORATION SECRETARY

**I, Linda Hiveley,** certify that, due to the absence of Curt Yun, the duly appointed Secretary of the Corporation and, upon designation by the Board of Directors at the meeting on October 26, 2020, **I** served as the Assistant/Acting Secretary of HENRY FORD VILLAGE, INC., a Michigan nonprofit corporation (the "Corporation") for purposes of the meeting.

I further certify that the above resolutions were adopted by the Board of the Corporation at a meeting of the Board of Directors of the Corporation duly held on October 26, 2020 at which a quorum of Directors was present and that such resolutions are in full force and effect.

I further certify that the above resolutions shall be filed with the official minutes of the meeting held on October 26, 2020.

IN WITNESS THEREOF, I certify by my hand that this is a true and correct copy.

*/s/ Linda Hiveley*
Assistant/Acting Secretary