# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:                                          Case No. 20-51066-MAR

HENRY FORD VILLAGE, INC.,           Chapter 11

     Debtor.                              Honorable Mark A. Randon

_____/

## ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9); (II) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9) REQUESTS; AND (III) APPROVING NOTICE OF BAR DATES

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Bar Date Order") (a) approving the Bar Dates, the Proof of Claim Form, and the Bar Date Notice, all as more fully set forth in the Motion, and (b) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion. Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code. As specifically, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Bar Date Order.

**I.      The Bar Dates and Procedures for Filing Proofs of Claim.**

2.      Except in the cases of governmental units and certain other exceptions explicitly set forth in this Bar Date Order, each entity that asserts a claim against the Debtor that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit A** or Official Form 410.[2]

---

[2] Copies of Official Form 410 may be obtained by: (a) visiting the Debtor's restructuring website at: http://www.kccllc.net/hfv; and/or (b) visiting the U.S. Courts website at: https://www.uscourts.gov/sites/default/files/form_b_410_0.pdf.

3. Except in the cases of governmental units and certain other exceptions explicitly set forth in this Bar Date Order, all Proofs of Claim must be filed so that they are actually received by KCC on or before **April 22, 2021, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"), at the addresses and in the form set forth herein.

4. The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Bar Date Order.

5. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, must file such Proofs of Claim so they are actually received by KCC on or before **September 7, 2021, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

6. If the Debtor amends the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar

Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date the notice of the Schedule amendment is mailed (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date" and, together with the Claims Bar Date, and the Governmental Bar Date, as applicable, the "Bar Date" or "Bar Dates").

7.     All Proofs of Claim must be filed so as to be ***actually received*** by KCC on or before the applicable Bar Date.  If Proofs of Claim are not received by KCC on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth in this Bar Date Order, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and precluded from voting on any plans of reorganization filed in this Chapter 11 Case and/or receiving distributions from the Debtor on account of such claims in this Chapter 11 Case.

## II.     Parties Exempted from the Bar Date.

8.     The following categories of claimants shall ***not*** be required to file a Proof of Claim by the Bar Date:

   a.     any entity that already has filed a signed Proof of Claim against the applicable Debtor with the clerk of the court or with KCC in a form substantially similar to Official Form 410;

   b.     any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as "disputed," "contingent," or "unliquidated"; and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.   any entity whose claim has previously been allowed by a final order of the Court, including any claim allowed pursuant to any order entered by this Court authorizing the use of cash collateral;

d.   any entity who is a party to executory contracts and unexpired leases with the Debtor as of the Petition Date, including those identified on the Debtor's Schedule G, such as current residents of the Debtor as of the Petition Date;

e.   any entity with a claim limited to the repayment of principal, interest, applicable fees, premium, if any, costs and/or other charges (a "Debt Claim") on or under any bond or related obligation issued by or for the benefit of the Debtor pursuant to that certain Trust Indenture dated October 1, 2008 between The Economic Development Corporation of the City of Dearborn and UMB Bank, N.A., in its capacity as successor trustee (the "Bond Trustee"), as amended and supplemented; provided however that (i) the foregoing exclusion shall not apply to the Bond Trustee; (ii) the Bond Trustee shall file such proofs of claim deemed necessary and appropriate on or before the Bar Date with respect to any Debt Claims; and (iii) any holder of a Debt Claim wishing to assert a claim other than a Debt Claim shall be required to file a proof of claim on or before the Bar Date, unless another exception in this section applies.  In addition, with respect to claims filed by the Bond Trustee, the Bond Trustee need not attach copies of the documents evidencing and/or securing the claims; and

f.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; provided that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date.

### III.   Substantive Requirements of Proofs of Claim.

9.   The following requirements shall apply with respect to filing and preparing such Proof of Claim:

a.  **Contents.** Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.  **Section 503(b)(9) Claim.** Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.  **Electronic Signatures Permitted.** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant shall be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted; however, Proofs of Claims may be submitted electronically through the interface available at: http://www.kccllc.net/hfv.

d.  **Supporting Documentation.** Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) except as otherwise provided herein.

e.  **Timely Service.** Each Proof of Claim must be filed, including supporting documentation, and *actually received* by KCC by either (a) electronic submission through the interface available at http://www.kccllc.net/hfv or (b) non-electronic means, such as U.S. Mail or other hand delivery system, to the following address:

Henry Ford Village, Inc.
Claims Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Hwy., Suite 300
El Segundo, California 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

    *f.*     ***Receipt of Service.*** Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope.

## IV.    Procedures for Providing Notice of the Bar Date.

10. No later than three business days after the Court enters the Bar Date Order, the Debtor shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit B** (the "Bar Date Notice"), and a Proof of Claim Form (together, the "Bar Date Package") to be served via email or first class mail to the following entities:

        a.     the U.S. Trustee;

        b.     counsel to the Committee of Unsecured Creditors;

        c.     counsel to UMB Bank, N.A. as the Bond Trustee;

        d.     all parties to litigation with the Debtor;

        e.     the entities creditors and other known holders of claims against the Debtor as of the date of entry of the Bar Date Order, including all entities listed in Schedules D, E, and F, as holding claims against the Debtor;

f.  all entities that have requested notice of the proceedings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; and

g.  any other individuals/entities identified on the Debtor's Special Service List.

11.  The Debtor shall mail notice of the Bar Date Notice only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtor's books and records at such time.

12.  The Debtor shall provide known creditors identified on Debtor's Schedules D, E, and F with a personalized Proof of Claim Form, which will set forth creditor's name and the amount of the scheduled claim, if any.

13.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtor and correct any information that is missing, incorrect, or incomplete.

14.  After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and, instead, return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known after the initial mailing of the Bar Date Package. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances

at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

## V.    Consequences of Failure to File a Proof of Claim.

15.    Any entity who is required, but fails to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date may be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property may be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

16.    Any such entity who is required, but fails to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date may be prohibited from voting to accept or reject any chapter 11 plan filed in this Chapter 11 Case, participating in any distribution in this Chapter 11 Case on account of such claim, or receiving further notices regarding such claim.

## VI.  Miscellaneous.

17.    Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

18.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

19.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**EXHIBIT A**

[ID: ]        [PIN]

| Fill in this information to identify the case: |
|---|

Debtor                    Henry Ford Village, Inc.

United States Bankruptcy Court for the Eastern District of Michigan

Case number              20-51066

[Schedule Note]

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

[Creditor Name]
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.   From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

[Creditor Name and Address]
Name

Number        Street

City                    State        ZIP Code

Country

Contact phone

Contact email

Where should **payments** to the creditor be sent? (if different)

Name

Number        Street

City                    State        ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____        Filed on _____
                                                                            MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing?

[KCC Bar Code]

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7.** **How much is the claim?**

$ _____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9.** **Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10.** **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11.** **Is this claim subject to a right of setoff?**

☐ No

☐ Yes**.** Identify the property: _____

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | | |
|---|---|---|---|---|
| | | ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | | | | $_____ |
| | | | | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. | **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
|---|---|---|---|
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | | $_____ | |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name          Middle name         Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number       Street |
| | _____ |
| | City           State      ZIP Code     Country |
| Contact phone | _____ Email _____ |

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- ■ **Fill in all of the information about the claim as of the date the case was filed.**

- ■ **Fill in the caption at the top of the form**

- ■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ■ **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ■ **Do not attach original documents because attachments may be destroyed after scanning.**

- ■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Henry Ford Village Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/HFV.

- ■ **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- ■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/HFV.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom the debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by the debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:                                     Case No. 20-51066-MAR

HENRY FORD VILLAGE, INC.,                  Chapter 11

      Debtor.                              Honorable Mark A. Randon

_____/

## NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIMS, INCLUDING REQUESTS FOR PAYMENT PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

## TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST THE DEBTOR HENRY FORD VILLAGE, INC.

PLEASE TAKE NOTICE that on October 28, 2020, (the "<u>Petition Date</u>"), the above-captioned debtor and debtor in possession Henry Ford Village, Inc. (the "<u>Debtor</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Bankruptcy Code sections 1107(a) and 1108 authorize the Debtor to hold and manage its assets as a debtor in possession.

On [_____], the Court entered an order (the "<u>Bar Date Order</u>") establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("<u>Proofs of Claim</u>").

For your convenience, enclosed with this notice (this "<u>Notice</u>") is a Proof of Claim Form, which identifies on its face the amount of your claim(s), if any, listed in the Debtor's schedules of assets and liabilities filed in this bankruptcy case (the "<u>Schedules</u>").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Eastern District of Michigan. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

1

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in this chapter 11 bankruptcy case (collectively, the "Bar Dates"):

a.   ***Claims Bar Date***. Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **April 22, 2021, at 5:00 p.m., prevailing Eastern Time**. Except as expressly set forth in this Notice, the Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   ***Governmental Bar Date***. All governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file proofs of claim by **September 7, 2021, at 5:00 p.m., prevailing Eastern Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

c.   ***Amended Schedules Bar Date***. If, subsequent to the date of this Notice, the Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against

the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central time, on the date that is 30 days after the date that on which the Debtor mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

## II.    WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities, including individuals, holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date *must* file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other Bar Date set forth in the Bar Date Order, as applicable:

a.    any entity, including any person, whose claim against the Debtor is not listed in the applicable Debtor's Schedules;

b.    any entity, including any person, whose claim is listed as "contingent," "unliquidated," or "disputed" in the Debtor's Schedules;

c.    any entity, including any person, who believes that its/his/her claim is improperly classified in the Debtor's Schedules or is listed with an incorrect amount and who desires to have its/his/her claim allowed in a different classification or amount other than that identified in the Debtor's Schedules; or

d.    any entity, including any person, who believes that its/his/her claim against the Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

120951.000002 4847-6667-9766.1

## III. PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file Proofs of Claim:

a. any entity, including any person, who already has filed a signed Proof of Claim against the Debtor with the clerk of the court or with KCC in a form substantially similar to Official Form 410;

b. any entity, including any person, whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtor as "disputed," "contingent," or "unliquidated"; and (ii) such entity/person agrees with the amount, nature, and priority of the claim as set forth in the Debtor's Schedules;

c. any entity, including any person, whose claim has previously been allowed by a final order of the Court, including any claim allowed pursuant to any order entered by this Court authorizing the use of cash collateral;

d. any entity who is a party to executory contracts and unexpired leases with the Debtor as of the Petition Date, including those identified on the Debtor's Schedule G, including Current Residents of the Debtor as of the Petition Date; and

e. any entity, including any person, holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; provided that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date.

120951.000002 4847-6667-9766.1

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

**a.**   ***Contents.***   Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

**b.**   ***Section 503(b)(9) Claim.***   Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

**c.**   ***Electronic Signatures Permitted.***   Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant shall be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail <u>will not</u> be accepted; however, Proofs of Claims may be submitted electronically through the interface available at [http://www.kccllc.net/hfv](http://www.kccllc.net/hfv).

**d.**   ***Supporting Documentation.***   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

**e.**   ***Timely Service.***   Each Proof of Claim must be filed, including supporting documentation, and *actually received* by Kurtzman Carson Consultants LLC ("<u>KCC</u>") by either (a) electronic submission through the interface available at http://www.kccllc.net/hfv or (b) non-electronic means, such as U.S. Mail or other hand delivery system, to the following address:

120951.000002 4847-6667-9766.1

Henry Ford Village, Inc.
Claims Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Hwy., Suite 300
El Segundo, California 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

f. *Receipt of Service.* Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope.

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a. YOU MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. THE DEBTOR AND ITS PROPERTY MAY BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU MAY NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THE CLAIM; AND

d. YOU MAY NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTOR ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute or assert offsets or defenses against any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII. THE DEBTOR'S SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the amount of your claim(s).

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed Proof of Claim Form, which sets forth the amount of your claim (if any) as scheduled.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if you agree with the amount set forth in the enclosed Proof of Claim Form, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. ADDITIONAL INFORMATION.

Copies of the Debtor's Schedules, the Bar Date Order, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding this Chapter 11 bankruptcy case are available for inspection free of charge on the Debtor's website at **http://www.kccllc.net/hfv**.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtor's agent, KCC at: (866) 476-0898 (U.S./Canada) or (781) 575-2114 (International).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated:  [_____, 202_]

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: _DRAFT_
    Sheryl L. Toby (P39114)
    Jong-Ju Chang (P70584)
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, Michigan 48304
    (248) 203-0700 / Fax (248) 203-0763
    SToby@dykema.com
    JChang@dykema.com

    and

    Patrick L. Huffstickler
    Texas Bar No. 10199250
    Danielle N. Rushing
    Texas Bar No. 24086961
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    (210) 554-5500 / Fax (210) 226-8395
    PHuffstickler@dykema.com
    DRushing@dykema.com

    *COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION*

8

**Signed on January 22, 2021**



/s/ Mark A. Randon
_____
**Mark A. Randon**
**United States Bankruptcy Judge**