# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-51066-MAR |
| HENRY FORD VILLAGE, INC., | Chapter 11 |
| Debtor. | Honorable Mark A. Randon |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT REGARDING DEBTOR'S DESIGNATION OF STALKING HORSE BIDDER

The Official Committee of Unsecured Creditors (the "Committee") of debtor and debtor-in-possession Henry Ford Village, Inc. (the "Debtor" or "Henry Ford Village"), through its undersigned counsel, hereby files the following statement regarding the Debtor's Designation of Stalking Horse Bidder [Docket No. 356]:

1. On March 30, 2021, the Debtor filed a *Notice of Debtor's Designation of Stalking Horse Bidder* with this Court designating HFV Senior Living, LLC as the Stalking Horse Bidder (the "Stalking Horse Bidder") to acquire substantially all of the Debtor's assets, consisting of the continuing care retirement community known as Henry Ford Village, free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code. *See* Docket No. 356.

2. On the same day, the Debtor filed a copy of the executed Asset Purchase Agreement with the Stalking Horse Bidder (the "Stalking Horse APA"). *See* Docket No. 355.

3. The Committee has serious concerns regarding the Debtor's designation of the Stalking Horse Bidder and the terms of the Stalking Horse APA including but not limited to the following.

4. ***First***, the Stalking Horse APA does not honor the Debtor's commitment to its current and former residents to refund significant entrance fee payments made by residents as condition of living at Henry Ford Village pursuant to the terms of their residency agreements. These entrance fee refunds often constitute a resident's life savings and were entrusted to Henry Ford Village based on the Debtor's promise to refund these substantial payments to the resident or their family upon their departure from Henry Ford Village. Because these entrance fee payments are made by a uniquely vulnerable population of elderly residents, entrance fee refunds are almost always honored and protected, even in bankruptcy proceedings. *See, e.g., In re Clare Oaks*, No. 19-16708 (Bankr. N.D. Ill. 2019) [Docket No. 639] (order confirming a chapter 11 plan which provided for the payment in full over time of entrance fee refunds of current and former residents); *In re Mayflower Communities, Inc.*, No. 19-30283 (Bankr. N.D. Tex. 2019) [Docket No. 318] (order approving the sale of CCRC where asset purchase agreement

contemplated purchaser assuming all obligations related to resident agreements, including non-contingent former life care agreements); *In re Sears Methodists Retirement System*, No. 14-32821 (Bankr. N.D. Tex. 2014) [Docket No. 770] (confirmed plan of reorganization that provides all entrance fee refund claims of residents and former residents will be unimpaired); *In re Lincolnshire Campus, LLC*, No. 10-31476 (Bankr. N.D. Tex. 2010) [Docket No. 316] (sale order authorizing the assumption and assignment to purchaser of all residence and care agreements, including but not limited to the right to a refund of entrance deposits).[1] The Stalking Horse APA discards this important precedent and seeks to discharge millions in entrance fee refund liabilities under the Stalking Horse APA. Any bidder seeking to acquire Henry Ford Village should be required to honor these important commitments to the Debtor's current and former residents.

5. ***Second***, the Stalking Horse APA appears engineered to only pay secured bondholders and administrative expenses in full—including millions in

---

[1] Recognizing the importance of protecting entrance fee refunds owed by Henry Ford Village in this case, the State of Michigan Department of Licensing and Regulatory Affairs ("LARA") ordered Henry Ford Village to escrow all new entrance fees paid by residents beginning on June 10, 2020 to ensure those entrance fee refund obligations would be honored (the "LARA Order"). *See* Declaration of Chief Restructuring Officer in Support of the Debtor's Chapter 11 Petition and First Day Pleadings [Docket No. 21] at ¶ 39. While the LARA Order may protect entrance fee refunds owed to residents who moved into Henry Ford Village after June 10, 2020, it does not protect the majority of entrance fee refunds owed all other current and former residents. Those refunds must be protected through this bankruptcy process.

professional fees incurred during this bankruptcy case—but only provide a *de minimis* distribution to residents and all other unsecured creditors. It is well established that chapter 11 may not be used to force a sale of assets that only benefits the secured lender. *See In re Encore Healthcare Associates*, 312 B.R. 52, 56-57 (Bankr. E.D. Pa. 2004) (refusing to authorize a free and clear sale of a skilled nursing facility where sale only provided benefit to secured creditor); *In re Fremont Battery Co.*, 73 B.R. 277 (Bankr. N.D. Ohio 1987) (denying approval of a bankruptcy sale that would eliminate a debtor's ability to reorganize and observing that "the proceeds from the proposed sale would, at most, benefit one creditor only. The sale would not create proceeds that would inure to the benefit of the unsecured creditors."); *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 428 (Bankr. S.D. Tex. 2009) (denying approval of a bankruptcy sale when the "only effect of the bankruptcy process would be to transfer the debtors' assets to its secured creditor.").

6. ***Third***, the Stalking Horse APA improperly seeks to treat similarly situated unsecured creditors differently by proposing a greater recovery of entrance fee refunds to current residents of Henry Ford Village that sign a new rental agreement with the Stalking Horse Bidder than other current and former residents. *See* Stalking Horse APA § 5.14. Specifically, current residents that sign a new rental agreement will receive as much as 60% of their entrance fee refund claim while all other current and former residents can only expect to receive a *de minimis* recovery.

Such disparate treatment violates the bedrock requirement of the Bankruptcy Code that creditors of equal priority must be treated equally. *In re Plastech Engineered Products, Inc.*, 394 B.R. 147, 151 (Bankr. E.D. Mich. 2008) ("One of the bedrock policies of the Bankruptcy Code is to provide uniform and equal treatment to creditors that are similarly situated.").

7. **Fourth**, the Stalking Horse APA seeks to reject all current residency agreements and replace them with monthly rental agreements, thereby converting Henry Ford Village from an entrance fee community to a rental community. While the Stalking Horse APA requires the Stalking Horse Bidder to maintain the same reduced monthly fees that exist under the current residency agreements for three years (with minor annual cost of living adjustments), it eliminates the obligation to repay entrance fee refunds when the resident departs Henry Ford Village and seeks to discharge millions of entrance fee refund obligations through the bankruptcy process.

8. Throughout the sale process, the Committee has repeatedly expressed these and other concerns to Debtor's legal counsel, Chief Restructuring Officer and investment banker and has proposed various alternatives by which the Debtor could protect entrance fee refunds and otherwise maximize value for unsecured creditors. Regrettably, it does not appear that the Debtor seriously considered these alternatives

5

or explored other ways to protect residents and unsecured creditors, instead focusing only on a quick sale for the benefit of secured bondholders.

9. As currently contemplated, this sale attempts to evade the difficult legal and equitable issues surrounding current and former residents' claims. The Stalking Horse APA forces the Debtor's chapter 11 case toward an outcome with dire consequences and should be carefully scrutinized. *See In re Braniff Airways, Inc.*, 700 F.2d 935, 940 (5th Cir. 1983) ("The debtor…should not be able to short circuit the requirements of Chapter 11 for confirmation of a reorganization by establishing the terms of the plan *sub rosa*."); *In re Family Christian, LLC*, 533 B.R. 600, 631 (Bankr. W.D. Mich. 2015) (denying motion for sale and noting that the Sixth Circuit instructs "bankruptcy courts to consider the effect of the proposed disposition on future plans.") (citing *Stephens Indus. Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986)).

10. The Committee is hopeful that other bidders will submit competing Qualified Bids by the April 30, 2021 deadline pursuant to the Bid Procedures Order [Docket No. 179] that will protect resident entrance fee refunds, provide for a more equitable allocation of consideration among stakeholders (including equality of treatment between current and former residents) and maximize value for unsecured creditors. Furthermore, the Committee remains willing to work with the Debtor, the Bond Trustee, the Stalking Horse Bidder and other interested bidders to improve the

terms of a sale of Henry Ford Village and explore other ways to reorganize the Debtor to better protect residents and maximize value for all stakeholders.

11. The Committee expressly reserves all rights with respect to the Debtor's designation of the Stalking Horse Bidder, the terms of the Stalking Horse APA and the sale process generally.

Dated: April 9, 2021

By: /s/ Eric E. Walker
**PERKINS COIE LLP**
Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Fax: (312) 324-9400
Email: EWalker@perkinscoie.com
KAllare@perkinscoie.com

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**
H. William Burdett, Jr. (P63185)
450 West Fourth Street
Royal Oak, Michigan 47067-2557
Telephone: (248) 723 - 0396
Fax: (248) 645 - 1568
Email: BBurdett@howardandhoward.com

*Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-51066-MAR |
| HENRY FORD VILLAGE, INC., | Chapter 11 |
| Debtor. | Honorable Mark A. Randon |

## CERTIFICATE OF SERVICE OF
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
## STATEMENT REGARDING DEBTOR'S
## DESIGNATION OF STALKING HORSE BIDDER

The undersigned attorney certifies that on April 9, 2021, he caused a true and correct copy of *The Official Committee of Unsecured Creditors' Statement Regarding Debtor's Designation of Stalking Horse Bidder* to be served by electronic means upon all parties who receive notice in this case pursuant to the Court's CM/ECF noticing system, and upon the Debtor's Counsel via email.

Dated: April 9, 2021

Respectfully submitted,

By: /s/ *Eric E. Walker*
Eric E. Walker
IL Bar No. 6290993
Perkins Coie LLP
131 South Dearborn Street
Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
Email: EWalker@perkinscoie.com

*Lead Counsel for the Official Committee of Unsecured Creditors*