# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-51066-MAR |
| HFV LIQUIDATING TRUST, | Chapter 11 |
| Debtor. | Honorable Mark A. Randon |

## STATUS REPORT OF THE HFV LIQUIDATING TRUST PURSUANT TO LOCAL BANKRUPTCY RULE 3021-1

The HFV Liquidating Trust (the "Trust"), respectfully submits this status report (the "Status Report") pursuant to Local Bankruptcy Rule 3021-1(b) for the period from February 18, 2022 through June 6, 2022 (the "Reporting Period").

### Background

1. On October 28, 2020, (the "Petition Date"), Henry Ford Village, Inc. (the predecessor in interest to the Trust) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

2. On December 6, 2021, the Bankruptcy Court entered the *Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Chapter 11 Plan of Henry Ford Village, Inc.* [Docket No. 663] (the "Confirmation Order")

approving the terms of the chapter 11 plan annexed thereto (the "Plan").[1] The Plan became effective on January 19, 2022 (the "Effective Date"). *See* Notice of Effective Date [Docket No. 706].

3. As of the Effective Date, Henry Ford Village, Inc. transferred its assets to the Trust. Sheldon Stone of Capstone Partners was appointed the liquidating trustee (the "Trustee") pursuant to the Confirmation Order and Plan.

4. On February 18, 2022, the Trust filed its *Post-Confirmation Statement of the HFV Liquidating Trust Pursuant to Local Bankruptcy Rule 3021-1* (the "Post-Confirmation Statement"), in which the Trust submitted its timetable for substantial consummation of the Plan and entry of a final decree closing this chapter 11 case. *See* Docket No. 722.

5. Pursuant to Local Bankruptcy Rule 3021-1(b), this Status Report will discuss the progress made in the above-captioned case since the entry of the Post-Confirmation Statement and provide updates to the timetable for substantial consummation of the Plan.

## Claims Resolution

6. During the Reporting Period, the Trust filed a *Motion for the Entry of an Order (I) Approving Procedures for Filing Omnibus Objections to Claims,*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Post-Confirmation Statement.

*(II) Approving the Form and Manner of the Notice of Omnibus Objections, and (III) Granting Related Relief* [Docket No. 758], which was granted on May 19, 2022. *See* [Docket No. 771].

7. On June 6, 2022, the Trust filed the *First Omnibus Claim Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C) Certain No Liability Claims* [Docket No. 779] (the "First Omnibus Objection"). A hearing on the First Omnibus Objection is scheduled for July 20, 2022.

8. In addition to the First Omnibus Objection, the Trustee has engaged in an extensive outreach to the holders of certain claims that the Trust determined were either residents or former residents and offered to enter into to consensual stipulations that voluntarily modified the claims to match the Debtor's schedules and provided for the withdrawal of duplicative and amended claims. As a result of this process, the Trust has entered into 60 stipulations resolving resident claims.

9. The Trust continues to review and reconcile timely filed claims and anticipates resolving additional claim disputes on a consensual basis. The Trust will also file additional omnibus objections as necessary to further the claim resolution process. The Trustee currently anticipates that all claim objections will be filed by the Claim Objection Bar Date on **July 18, 2022**. Nevertheless, the Trustee reserves the right to request necessary extensions of the Claim Objection Bar Date.

### Avoidance Actions

10. During the Reporting Period, the Trustee requested documentation from the Debtor's Financial Advisor, FTI, and its counsel, Dykema, and performed an analysis of all potential avoidance actions. The Trustee intends to engage counsel on to investigate and pursue avoidance actions on a contingency fee basis. This arrangement will allow the Trust to realize the value for the Avoidance Actions in a cost-effective manner that preserves bankruptcy estate resources.

### Adversary Proceedings

11. On June 3, 2022, the Trustee filed an adversary complaint (the "Complaint") against the Debtor's former management company and the Debtor's former executive director asserting claims for breaches of fiduciary duties, avoidance and recovery of avoidable transfers, disallowance of defendants' claims against the bankruptcy estate and equitable subordination of defendants' claims. *See* Adv. Pro. 22-4094-MAR.

### Trust Assets and Operations

12. The Trustee initiated wind-down of the Debtor's 403(b) plans. Wind-down of the benefit plans has required extensive coordination with the respective plan administrators to provide notice to the effected former employees and arrange for the final audits of the 403(b) plans.

13. On March 9, 2022, the Trust filed the *Motion to Enforce Asset Purchase Agreement and Exercise Setoff Rights* [Docket No. 735], seeking reimbursement from HFV OpCo, LLC ("Buyer"), the purchaser of the Debtor's continuing care retirement community, for certain amounts paid to the City of Dearborn pursuant to a payment in lieu of taxes agreement. Following a hearing on the motion, the Bankruptcy Court entered an order allowing the Trust to retain $205,000 of accounts receivable otherwise payable to Buyer. The Trust continues to work with Buyer to reconcile accounts receivable and other post-closing issues relating the sale of the community.

**Necessary Revisions to the Timetable for Substantial Consummate**

14. The Trustee now anticipates an initial distribution by **June 30, 2022**. In effort to conserve estate funds, the Trustee endeavored to resolve as many objections as practicable without the need for motion practice. Claims administration in this case has proven challenging for several reasons, including that the Debtor's records related to many former residents were not fully digitized or in a format that was easily transferred to the Trust. The Trust has also been extremely careful to protect the rights of residents, former residents, and their beneficiaries. In some cases, resolving a claim dispute has required coordination among multiple claimants and verification of beneficiary status.

15. The dates herein are the Trust's good faith estimate and are subject to change as circumstances may be required. Based on the revised timetable, the Trust still expects to seek entry of a final decree closing this chapter 11 case on or before June 5, 2023. In accordance with Local Rule 3021-1(b), the Trust will inform the Bankruptcy Court of any revisions to the timetable via status reports filed every six months until entry of a final decree.

[*Remainder of Page Intentionally Left Blank*]

# NOTICE

16. The Trust will provide notice of this Status Report to (a) the Office of the U.S. Trustee; (b) all entities that have filed a request for notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

Dated: June 6, 2022

By: */s/ Eric E. Walker*

**PERKINS COIE LLP**
Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: (312) 324-8400
Fax: (312) 324-9400
Email: EWalker@perkinscoie.com
KAllare@perkinscoie.com

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**
James Morgan
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 456-3414
Fax: (312) 939-5617
Email: JEM@h2law.com

*Counsel for the HFV Liquidating Trust*