## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:                                          Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                          Chapter 11

             Debtor.                 Honorable Mark A. Randon

---

## SECOND OMNIBUS OBJECTION OF
## THE HFV LIQUIDATING TRUST TO (A) NO LIABILITY
## CLAIMS, (B) SATISFIED CLAIMS, AND (C) CLAIMS TO BE MODIFIED

The HFV Liquidating Trust (the "Trust"), as successor to Henry Ford Village,

Inc. ("Debtor"), pursuant to section 502 of the Bankruptcy Code, Rules 3003 and

3007 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules

3007-1 and 9013-2 of the Local Rules (the "Local Bankruptcy Rules"), and that

certain *Order (I) Approving Procedures for Filing Omnibus Objections to Claims,*

*(II) Approving the Form and Manner of the Notice of Omnibus Objections, and (III)*

*Granting Related Relief* [Docket No. 771] (the "Objection Procedures Order"),[1]

hereby files its second omnibus objection to Claims (the "Second Omnibus Claims

Objection"), and in support thereof, respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objections Procedures Order.

## Relief Requested

1.      By this Second Omnibus Claims Objection, the Trust seeks an order, substantially in the form attached hereto as **Exhibit A**, (a) disallowing and expunging the Claims identified on **Schedule 1** to **Exhibit A** (collectively, the "No Liability Claims") because the Claims seek recovery for amounts for which the Trust is not liable, (b) disallowing and expunging the Claims identified on **Schedule 2** to **Exhibit A** (collectively, the "Satisfied Claims") because they seek recovery of amounts that have been fully satisfied, and (c) modifying and/or reclassifying the Claims identified on **Schedule 3** to **Exhibit A** (collectively, the "Modified Claims") because such Claims showed a record of indebtedness or priority that is not reflected on the Debtor's books and records or asserted a priority not supported under the Bankruptcy Code.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Eastern District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules

3003 and 3007 the Bankruptcy Rules, and Rules 3007-1 and 9013-2 of the Local Bankruptcy Rules.

## The Claims Reconciliation Process

5.    On the Effective Date, the Trust was formed pursuant to the confirmed chapter 11 plan (the "Plan") as the successor to the Debtor responsible for administering the Debtor's remaining assets.  One of the primary tasks the Trust must undertake in that regard is the reconciliation of Claims asserted against the Debtor's estate to determine what Claims should be allowed and therefore entitled to distribution pursuant to the Plan.

6.    To date, approximately 419 Proofs of Claim have been filed and approximately 2,592 scheduled Claims appear on the Debtor's schedules.  Because of the large number of Claims in this case, the Trust sought and has been granted approval to file omnibus objections to certain Claims in accordance with the Objection Procedures Order.

7.    The Trust has engaged in an extensive outreach process to certain holders of Class 2 General Unsecured Claims in an attempt to resolve any differences that became apparent in the Claims reconciliation process.  In short, the Trust contacted holders of Claims that it determined were either residents or former residents and offered to enter into to consensual stipulations that voluntarily modified the Claims to match the Debtor's schedules and provided for withdrawal

of duplicative and amended Claims. To date, the Trust has entered into 62 stipulations resolving Claim disputes.

8. On June 6, 2022, the Trust filed the *First Omnibus Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C) Certain No Liability Claims* (the "<u>First Omnibus Claims Objection</u>") [Docket No. 779], which is currently set for hearing on July 20, 2022. While the Trust has objected to (and will continue to object to) a number of Claims, the Trust continues to work with parties to resolve Claim disputes prior to the July 20 hearing date.

9. By this Second Omnibus Claims Objection, the Trust now seeks approval to disallow and expunge certain Claims for the reasons set forth below.

## Objection

10. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a). Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Bankruptcy Rule 3007(d). The Objection Procedures Order expands upon Bankruptcy Rule 3007(d) and permits the Trust to file an omnibus objection on additional grounds.

11. As described in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim is prima facie evidence of the validity and the amount of the claim

under Bankruptcy Code 502(a). To maintain its prima facie validity, however, the claimant must allege sufficient facts to support its claim. *In re McLaughlin*, 320 B.R. 661, 665 (N.D. Ohio 2005) (citing *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) (observing that supporting documentation was needed for a proof of claim to valid *prima facie*). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g., In re Central Processing Services, LLC*, 606 B.R. 712, 715 (Bankr. E.D. Mich. 2019); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

12. Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order, the Trust files this Second Omnibus Claims Objection to the Claims listed on **Schedules 1 – 3** to **Exhibit A** on the bases set forth below.

### A. No Liability Claims

13. The Trust objects to the No Liability Claims on **Schedule 1** because the Trust has determined that the obligations asserted in the No Liability Claims seek recovery of amounts for which the Trust asserts the estate is not liable because the Claim seeks payment for which the Trust has no records.

14. Accordingly, to prevent an unwarranted recovery by claimants asserting No Liability Claims to the detriment of other creditors, the Trust requests

that the Court disallow and expunge the No Liability Claims from the Trust's Claim Register.

### B. Satisfied Claims

15.     The Trust objects to the Satisfied Claims on **Schedule 2** to **Exhibit A** because the Trust has determined that the Satisfied Claims seek recovery for amounts that have been fully satisfied.  Specifically, the Trust's records indicate that each Satisfied Claim (a) was paid by the Debtor in the ordinary course of business as authorized by section 363(c) of the Bankruptcy Code, (b) arises from a contract which was assumed and assigned to the Purchaser pursuant to the Sale Order, which required that all defaults and unpaid amounts be cured,[2] or (c) was a tax claim that was satisfied pursuant to the Plan on or before the Effective Date.

16.     To allow these Claims to remain on the Trust's Claim Register would lead to multiple recoveries on a single Claim.   Accordingly, the Trust requests that the Court disallow and expunge the Satisfied Claims from the Claims Register.

---

[2] "Sale Order" means the *Order (I) Approving the Asset Purchase Agreement between the Debtor and HFV OpCo, LLC; (II) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free And Clear Of Liens, Claims, Interests And Encumbrances, Except For Certain Assumed Liabilities; (III) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith; And (IV) Granting Related Relief* [Docket No. 436].

Pursuant to paragraph 20 of the Sale Order and Article 6.1 of the Plan, all defaults and unpaid prepetition amounts relating to the Assumed Contracts have been cured and paid.

**C.     Claims to be Modified and Allowed**

17.     The Trust objects to the Modified Claims on **Schedule 3** to **Exhibit A** because the Trust has determined that each of the Modified Claims listed an amount that is inconsistent with the Debtor's books and records and/or asserted a priority under the Bankruptcy Code that is not applicable to such Claim.  The Trust accordingly seeks to limit the Modified Claims consistent with the Debtor's books and records.

18.     Certain of the Modified Claims on **Schedule 3** are inconsistent with the amount owed according to the Debtor's books and records.  The Trust has reviewed such Modified Claims and believes that the reduced amount on **Schedule 3** is the correct amount the Trust owes on account of such Modified Claims.  Certain other Modified Claims on **Schedule 3** assert a priority under section 503(b)(9).  Many of the asserted 503(b)(9) Claims are on account of services and/or goods delivered outside the 20-day period set forth in section 503(b)(9).  *See* 11 U.S.C. 503(b)(9). Accordingly, the Modified Claims are ineligible for the asserted priority and should be reclassified as a general unsecured claim.

19.     Failure to limit the Modified Claims could result in the relevant claimant receiving an unwarranted additional or priority recovery against the estate. Accordingly, the Trust respectfully request the entry of an order modifying the amount of each Modified Claim and/or reclassifying each Modified Claim in the

amount and priority status listed in the column labelled "Modified Claim" on **Schedule 3** to **Exhibit A**.

## Notice

20.     Pursuant to the Omnibus Claim Objection Procedures, the Bankruptcy Court approved the form of notice attached hereto as **Exhibit B**.  The Trust will provide (a) a customized notice of this objection to each affected claimant party set forth on each Claim subject to this Second Omnibus Claims Objection or their respective attorney of record, and (b) form of notice of the Second Omnibus Claims Objection to all entities that have filed a request for notice pursuant to Bankruptcy Rule 2002.  The Trust submits that no other or further notice need be provided.

## No Prior Request

21.     On June 6, 2022, the Trust filed the First Omnibus Claims Objection. *See* Docket No. 779.  Other than the First Omnibus Claims Objection, no other prior request for the relief sought in this Second Omnibus Claims Objection has been made to this or any other court.

WHEREFORE, the Trust respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 14, 2022

Respectfully submitted,

By: */s/ Eric E. Walker*

Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Phone:   (312) 324-8400
Fax:      (312) 324-9400
E-mail:  EWalker@perkinscoie.com
          KAllare@perkinscoie.com

James Morgan
Howard & Howard Attorneys, PLLC
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone:   (312) 456-3414
Fax:      (312) 939-5617
E-mail:  JEM@h2law.com

*Counsel to HFV Liquidating Trust*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                                      Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                    Chapter 11

                         Debtor.                       Honorable Mark A. Randon

---

**ORDER SUSTAINING SECOND OMNIBUS OBJECTION OF THE HFV
LIQUIDATING TRUST TO (A) NO LIABILITY CLAIMS, (B) SATISFIED
CLAIMS, AND (C) CLAIMS TO BE MODIFIED**

Upon the second omnibus objection (the "Second Omnibus Claims Objection") of the HFV Liquidating Trust (the "Trust"), for entry of an order (this "Order"), (a) disallowing the Claims set forth on **Schedules 1−2** attached hereto and (b) modifying and/or reclassifying the claims listed on **Schedule 3** attached hereto, and as more fully set forth in the Second Omnibus Claims Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Second Omnibus Claims Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Second Omnibus Claims Objection is in the best interests of the Trust, its creditors, and other parties in interest; and this Court having found that the Trust's

notice of the Second Omnibus Claims Objection and opportunity for a hearing on the Second Omnibus Claims Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Second Omnibus Claims Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Second Omnibus Claims Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Second Omnibus Claims Objection is sustained as set forth herein.

2. The No Liability Claims set forth on **Schedule 1** are disallowed and expunged in their entirety.

3. The Satisfied Claims on **Schedule 2** are disallowed and expunged in their entirety.

4. The Modified Claims are hereby modified and/or priority status reflected in the column titled "Modified Claims" on **Schedule 3** to this Order. The Modified Claims will remain on the claims register maintained by the Trust (the "Claims Register") and such Claims are neither allowed nor disallowed at this time and remain subject to future objection on any basis. Nothing contained herein

shall constitute, nor shall it be deemed to constitute, the allowance of any of the Modified Claims.

5.     Each objection by the Trust to each Claim addressed in the Second Omnibus Claims Objection and as identified in **Schedules 1–3** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6.     The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

7.     Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Second Omnibus Claims Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant

to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

9. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Second Omnibus Claims Objection.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1
### No Liability Claims

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | AIG PROPERTY CASUALTY, INC. | Henry Ford Village, Inc. | | 288 | 4/20/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Disallow & Expunge | No Liability - Filed as $0 or Fully Unliquidated |
| 2 | ZURICH-AMERICAN INSURANCE COMPANY | Henry Ford Village, Inc. | | 32 | 12/8/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1.00<br><br>Total: $1.00 | Disallow & Expunge | No Liability - Filed as $0 or Fully Unliquidated |
| | **TOTALS** | | | | | **$1.00** | | |

**Schedule 2**
Satisfied Claims

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | AETNA, INC. | Henry Ford Village, Inc. | | 155 | 2/23/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,827.80<br><br>Total: $1,827.80 | Disallow & Expunge | Satisfied by Cure |
| 2 | AT & T | Henry Ford Village, Inc. | 2377784 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $295.61<br><br>Total: $295.61 | Disallow & Expunge | Satisfied by Cure |
| 3 | CITY OF DEARBORN | Henry Ford Village, Inc. | | 248 | 4/7/2021 | Administrative: $0.00<br>Secured: $61,046.59<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $61,046.59 | Disallow & Expunge | Satisfied in the Ordinary Course |
| 4 | COMERICA BANK | Henry Ford Village, Inc. | | 250 | 4/12/2021 | Administrative: $0.00<br>Secured: $27,460.26<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $27,460.26 | Disallow & Expunge | Satisfied by Cure |
| 5 | CONTROL SOLUTIONS, INC | Henry Ford Village, Inc. | | 26 | 12/8/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $45,000.00<br><br>Total: $45,000.00 | Disallow & Expunge | Satisfied by Cure |
| 6 | DAVID W. RINGE | Henry Ford Village, Inc. | | 142 | 2/17/2021 | Administrative: $45,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $45,000.00 | Disallow & Expunge | Satisfied with Sale Proceeds |

**Schedule 2**
Satisfied Claims

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 7 | FORD MOTOR CREDIT COMPANY, LLC [CAB WEST LLC] | Henry Ford Village, Inc. | | 10 | 10/30/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $8,898.60<br><br>Total: $8,898.60 | Disallow & Expunge | Satisfied by Cure |
| 8 | FORD MOTOR CREDIT COMPANY, LLC [CAB WEST LLC] | Henry Ford Village, Inc. | | 9 | 10/30/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $10,127.67<br><br>Total: $10,127.67 | Disallow & Expunge | Satisfied by Cure |
| 9 | GUARDIAN ALARM | Henry Ford Village, Inc. | 2377846 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $216.10<br><br>Total: $216.10 | Disallow & Expunge | Satisfied by Cure |
| 10 | HENRY FORD HEALTH SYSTEM | Henry Ford Village, Inc. | 2377838 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $26,750.09<br><br>Total: $26,750.09 | Disallow & Expunge | Satisfied by Cure |
| 11 | IPFS CORPORATION | Henry Ford Village, Inc. | | 109 | 2/5/2021 | Administrative: $0.00<br>Secured: $242,657.81<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $242,657.81 | Disallow & Expunge | Satisfied in Ordinary Course |
| 12 | MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES | Henry Ford Village, Inc. | | 348 | 9/3/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $13,959.33<br><br>Total: $13,959.33 | Disallow & Expunge | Satisfied by Cure |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 13 | NETSMART TECHNOLOGIES INC | Henry Ford Village, Inc. | 2377890 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $6,547.95<br><br>Total: $6,547.95 | Disallow & Expunge | Satisfied by Cure |
| 14 | OAKWOOD HOSPITAL | Henry Ford Village, Inc. | 2377892 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $400.40<br><br>Total: $400.40 | Disallow & Expunge | Satisfied by Cure |
| 15 | OTIS ELEVATOR CO | Henry Ford Village, Inc. | 2377902 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $3,305.00<br><br>Total: $3,305.00 | Disallow & Expunge | Satisfied by Cure |
| 16 | STATE OF MICHIGAN | Henry Ford Village, Inc. | 2377764 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $15,203.08<br>General Unsecured: $0.00<br><br>Total: $15,203.08 | Disallow & Expunge | Satisfied Tax Claim |
| 17 | STEVEN KRANINGER | Henry Ford Village, Inc. | | 216 | 3/17/2021 | Administrative: $0.00<br>Secured: $45,000.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $45,000.00 | Disallow & Expunge | Satisfied with Sale Proceeds |
| 18 | TOLEDO MUNICIPAL COURT | Henry Ford Village, Inc. | | 341 | 8/4/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $2,678.91<br>General Unsecured: $0.00<br><br>Total: $2,678.91 | Disallow & Expunge | Satisfied Tax Claim |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 19 | WILLIAM BEAUMONT HOSPITAL | Henry Ford Village, Inc. | | 324 | 4/26/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $39,284.54<br><br>Total: $39,284.54 | Disallow & Expunge | Satisfied by Cure |

| | |
|---|---|
| **TOTALS** | **$595,659.74** |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | ALTERNATIVE CONTRACTING INC. | Henry Ford Village, Inc. | | 335 | 6/23/2021 | Administrative: $12,080.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $12,080.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $12,080.00<br><br>Total: $12,080.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 2 | DETROIT GLASS & MIRROR | Henry Ford Village, Inc. | | 296 | 4/20/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $8,457.69<br><br>Total: $8,457.69 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $3,962.71<br><br>Total: $3,962.71 | Reduce and/or Reclassify per Debtor's Books and Records |
| 3 | GUNDERSON, INC DBA FLOWERS ON THE AVENUE | Henry Ford Village, Inc. | | 347 | 9/1/2021 | Administrative: $240.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $240.00 | Administrative: $60.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $180.00<br><br>Total: $240.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 4 | LEONARDS SYRUPS | Henry Ford Village, Inc. | | 141 | 2/17/2021 | Administrative: $313.20<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,639.50<br><br>Total: $1,952.70 | Administrative: $36.40<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,916.30<br><br>Total: $1,952.70 | Reduce and/or Reclassify per Debtor's Books and Records |
| 5 | LIBERTY PLUMBING SUPPLY | Henry Ford Village, Inc. | | 140 | 2/17/2021 | Administrative: $3,616.64<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $53.25<br><br>Total: $3,669.89 | Administrative: $3,616.64<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $3,669.89 | Reduce and/or Reclassify per Debtor's Books and Records |
| 6 | MEDICAL STAFFING NETWORK | Henry Ford Village, Inc. | | 333 | 6/2/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $18,697.13<br><br>Total: $18,697.13 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $13,025.13<br><br>Total: $13,025.13 | Reduce and/or Reclassify per Debtor's Books and Records |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 7 | METRO CARBONIC | Henry Ford Village, Inc. | | 249 | 4/8/2021 | Administrative: $2,325.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $72.54<br><br>Total: $2,397.54 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $72.54<br><br>Total: $72.54 | Reduce and/or Reclassify per Debtor's Books and Records |
| 8 | MODERNISTIC CLEANING SERVICES INC | Henry Ford Village, Inc. | | 122 | 2/11/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $5,209.72<br><br>Total: $5,209.72 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,175.31<br><br>Total: $1,175.31 | Reduce and/or Reclassify per Debtor's Books and Records |
| 9 | ONEDAY [MY LASTING LEGACY] | Henry Ford Village, Inc. | | 339 | 7/22/2021 | Administrative: $206.25<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $206.25 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $206.25<br><br>Total: $206.25 | Reduce and/or Reclassify per Debtor's Books and Records |
| 10 | STAPLES BUSINESS ADVANTAGE | Henry Ford Village, Inc. | | 38 | 12/15/2020 | Administrative: $1,017.06<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,624.80<br><br>Total: $3,641.86 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,624.80<br><br>Total: $2,624.80 | Reduce and/or Reclassify per Debtor's Books and Records |
| 11 | TIMEPAYMENT CORP. | Henry Ford Village, Inc. | | 344 | 8/19/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $11,676.58<br><br>Total: $11,676.58 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $336.31<br><br>Total: $336.31 | Reduce and/or Reclassify per Debtor's Books and Records |
| 12 | UNITED FISH DISTRIBUTORS INC | Henry Ford Village, Inc. | | 126 | 2/11/2021 | Administrative: $6,421.92<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $12,067.69<br><br>Total: $18,489.61 | Administrative: $6,421.92<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $10,355.00<br><br>Total: $16,776.92 | Reduce and/or Reclassify per Debtor's Books and Records |

**Schedule 3**
Claims to be Modified

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 13 | W.W. GRAINGER, INC. | Henry Ford Village, Inc. | | 1 | 11/4/2020 | Administrative: $2,213.30<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $5,629.73<br><br>Total: $7,843.03 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $7,843.03<br><br>Total: $7,843.03 | Reduce and/or Reclassify per Debtor's Books and Records |
| | **TOTALS** | | | | | **$94,562.00** | **$63,965.59** | |

# Exhibit B

## Notice

IN RE:                                    Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                    Chapter 11

          Debtor.                         Honorable Mark A. Randon

_____

**NOTICE OF THE HFV LIQUIDATING TRUST'S
SECOND OMNIBUS OBJECTION TO CLAIMS**

On June 14, 2022, the HFV Liquidating Trust (collectively, the "<u>Trust</u>")[3] filed the *Second Omnibus Objection of The HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C), Certain No Liability Claims* [Docket No. ___] (the "<u>Second Omnibus Objection</u>") with the Court attached hereto as **<u>Exhibit 1</u>**. By the Second Omnibus Objection, the Trust is objecting to certain claims, including the claim(s) described on **<u>Exhibit 2</u>**.

**<u>Your claim may be reduced, modified, or disallowed</u>. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to disallow or modify your claim, then on or before **<u>July 13, 2022</u>** (the "<u>Objection Deadline</u>"), you or your lawyer must:

1.     File a written response (a "<u>Response</u>") to the objection, explaining your position. Your Response must be sent to:

| **U.S. Bankruptcy Court** |
|:---:|
| Eastern District of Michigan |
| 211 West Fort Street |
| Courtroom 1825 |
| Detroit, MI 48226 |

---

[3]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

| Counsel to the HFV Liquidating Trust | |
|---|---|
| **PERKINS COIE LLP**<br>Eric E. Walker, IL Bar No. 6290993<br>Kathleen M. Allare, IL Bar No. 6326536<br>110 North Wacker, Suite 3400<br>Chicago, IL 60606<br>EWalker@perkinscoie.com<br>Kallare@perkinscoie.com | **HOWARD & HOWARD ATTORNEYS PLLC**<br>James E. Morgan (Fed. Id. No. 90785074)<br>450 West Fourth Street<br>Royal Oak, Michigan 47067-2557<br>jem@h2law.com |
| **Counsel to United States Trustee** | |
| Leslie K. Berg<br>211 West Fort St., Suite 700<br>Detroit, MI 48226<br>Leslie.K.Berg@usdoj.gov | |

If you mail your Response to the Court for filing, you must mail it early enough so that it will be **received** on or before the Objection Deadline stated above. All attorneys are required to file pleadings electronically.

A Response should include the below information:

    A.    a caption setting forth the name of the Court, the name of the Trust, the case number, and the title of the Second Omnibus Objection to which the Response is directed;

    B.    the claimant's name and an explanation for the amount of the Claim;

    C.    a concise statement setting forth the reasons why the Court should not sustain the Second Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Second Omnibus Objection;

    D.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Second Omnibus Objection at the hearing; and

E.    the claimant's name, address, telephone number, and email address and/or the name, address, telephone number and email address of the claimant's attorney and/or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any (collectively, the "Notice Addresses"). If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Second Omnibus Objection (including all Claims to be disallowed and expunged and the surviving Claims).

2.    Attend the hearing on the objection, scheduled to be held on **July 20, 2022, at 10:00 a.m.** in Courtroom 1825, United States Bankruptcy Court, 211 West Fort St., Detroit, MI, unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

Judge Randon is conducting all conferences and non-evidentiary hearings by telephone. At least five minutes prior to the scheduled hearing, counsel and parties should call 1-888-363-4734 and use Access Code 2795304. Please place phone on mute and wait until your case is called. Once your case is called, please unmute your phone and participate.

Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

If you have any questions regarding the Second Omnibus Objection and/or if you wish to obtain a copy of the Second Omnibus Objection or related documents, you may call the Trust's claims agent at (866) 223-7306. You may also obtain a copy of the Second Omnibus Objection or related documents by visiting the Trust's restructuring website at www.cases.stretto.com/hfv/.

Dated: June 14, 2022

By:    */s/ Eric E. Walker*

**PERKINS COIE LLP**

Eric E. Walker, IL Bar No. 6290993

Kathleen M. Allare, IL Bar No. 6326536

110 North Wacker, Suite 3400

Chicago, IL 60606

Telephone: (312) 324-8400

Fax:          (312) 324-9400

Email:       EWalker@perkinscoie.com

                Kallare@perkinscoie.com

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**

James E. Morgan (Fed. Id. No. 90785074)

450 West Fourth Street

Royal Oak, Michigan 47067-2557

Telephone: (248) 645-1483

Fax:          (248) 645-1568

Email:       jem@h2law.com

*Counsel for HFV Liquidating Trust*