**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                    Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                    Chapter 11

          Debtor.                Honorable Mark A. Randon

---

**THIRD OMNIBUS OBJECTION**
**OF THE HFV LIQUIDATING TRUST TO (A) AMENDED OR**
**SUPERSEDED CLAIMS, (B) DUPLICATE CLAIMS,**
**(C) NO LIABILITY CLAIMS, AND (D) CLAIMS TO BE MODIFIED**

The HFV Liquidating Trust (the "Trust"), as successor to Henry Ford Village,

Inc. (the "Debtor" or "Henry Ford Village"), pursuant to section 502 of the

Bankruptcy Code, Rules 3003 and 3007 the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rules 3007-1 and 9013-2 of the Local Rules (the "Local

Bankruptcy Rules"), and that certain *Order (I) Approving Procedures for Filing*

*Omnibus Objections to Claims, (II) Approving the Form and Manner of the Notice*

*of Omnibus Objections, and (III) Granting Related Relief* [Docket No. 771]

(the "Objection Procedures Order"),[1] hereby files its third omnibus objection to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objections Procedures Order.

Claims (the "Third Objection"), and in support thereof, respectfully states as follows:

**Relief Requested**

1.     By this Third Objection, the Trust seeks an order, substantially in the form attached hereto as **Exhibit A**, (a) disallowing and expunging the Claims identified on **Schedule 1** to **Exhibit A** (collectively, the "Amended Claims") because the Claims have been amended by subsequently filed Proofs of Claim, (b) disallowing and expunging the Claims identified on **Schedule 2** to **Exhibit A** (collectively, the "Duplicate Claims") because they are duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities, (c) disallowing and expunging the Claims identified on **Schedule 3** to **Exhibit A** (collectively, the "No Liability Claims") because the claims seek recovery of amount for which the Trust is not liable, and (d) modifying and/or reclassifying the Claims identified on **Schedule 4** to **Exhibit A** (collectively, the "Modified Claims") because such Claims showed a record of indebtedness or priority that is not reflected on the Debtor's books and records or asserted a priority not supported under the Bankruptcy Code.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Eastern District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3003 and 3007 the Bankruptcy Rules, and Rules 3007-1 and 9013-2 of the Local Bankruptcy Rules.

## The Claims Reconciliation Process

5.     On the Effective Date, the Trust was formed pursuant to the confirmed chapter 11 plan (the "Plan") as the successor to the Debtor responsible for administering the Debtor's remaining assets.  One of the primary tasks the Trust must undertake in that regard is the reconciliation of Claims asserted against the Debtor's estate to determine what Claims should be allowed and therefore entitled to distribution pursuant to the Plan.

6.     To date, approximately 419 Proofs of Claim have been filed and approximately 2,592 scheduled Claims appear on the Debtor's schedules.  Because of the large number of Claims in this case, the Trust sought and has been granted

approval to file omnibus objections to certain Claims in accordance with the Objection Procedures Order.

7. The Trust has engaged in an extensive outreach process to certain holders of Class 2 General Unsecured Claims in an attempt to resolve any differences that became apparent in the Claims reconciliation process. The Trust contacted holders of Claims that it determined were either residents or former residents and offered to enter into consensual stipulations that voluntarily modified the Claims to match the Debtor's schedules and provided for the withdrawal of duplicative and amended Claims. As a result of this process, the Trust has entered into sixty-nine (69) stipulations resolving 159 Claim disputes.

8. On June 6, 2022, the Trust filed the *First Omnibus Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C) Certain No Liability Claims* [Docket No. 779] (the "First Objection"), and on June 14, 2022, the Trust filed the *Second Omnibus Objection of the HFV Liquidating Trust to (A) No Liability Claims, (B) Satisfied Claims, and (C) Claims to be Modified* [Docket No. 791] (the "Second Objection" and, collectively with the First Objection, the Omnibus Objections"). The Omnibus Objections are currently set for hearing on July 20, 2022.

9. The Claims subject to this Third Objection are Claims that the Trust has determined are the Claims of residents and former residents. The majority of the

Claims arise from significant entrance fee payments (the "Entrance Fees") made by residents as a condition of living at Henry Ford Village pursuant to the terms of their residency agreements (the "Residency Agreements"). Pursuant to the Residency Agreements, Henry Ford Village agreed to refund the Entrance Fees (the "Entrance Fee Refunds") to the resident, or their designated beneficiaries once certain specified conditions were met. Most relevantly, Entrance Fee Refunds were conditioned on a new resident paying an Entrance Fee and taking occupancy of the former resident's unit.

10. The Trust engaged in its extensive outreach to creditors owed Entrance Fee Refunds in an attempt to resolve discrepancies between the filed Claims and the Debtor's bankruptcy schedules to provide a fair and equitable process for these Claimants and reduce the administrative expense litigating these Claims. However, the Trust was not able to resolve all claim disputes consensually. Accordingly, while the Trust will continue to work with parties to resolve Claim disputes prior to the hearing date, the Claims subject to this Third Objection require resolution by the Bankruptcy Court.

11. By this Third Objection, the Trust now seeks approval to disallow and expunge or modify certain Claims for the reasons set forth below.

## Objection

12.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.  *See* 11 U.S.C. § 502(a).  Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection."  Bankruptcy Rule 3007(d).  The Objection Procedures Order expands upon Bankruptcy Rule 3007(d) and permits the Trust to file an omnibus objection on additional grounds.

13.     As described in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim is prima facie evidence of the validity and the amount of the claim under Bankruptcy Code 502(a).  To maintain its prima facie validity, however, the claimant must allege sufficient facts to support its claim.  *In re McLaughlin*, 320 B.R. 661, 665 (N.D. Ohio 2005) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) (observing that supporting documentation was needed for a proof of claim to valid *prima facie*).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See, e.g., In re Central Processing Services, LLC*, 606 B.R. 712, 715 (Bankr. E.D. Mich. 2019); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

157167431.2

14.     Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order, the Trust files this Third Objection to the Claims listed on **Schedules 1 - 4** to **Exhibit A** on the bases set forth below.

A.     **Amended Claims**

15.     The Trust objects to the Claims listed in the column labelled "Claims to be Disallowed" on **Schedule 1** to **Exhibit A** because the Trust has determined that these Claims have been amended and superseded by subsequently filed Proofs of Claim by the same claimant on account of the same liability.  Disallowance or expungement of the Amended Claims will not affect the Claims identified in the column labelled "Remaining Claims" on **Schedule 1** to **Exhibit A**, which will remain on the claims register maintained in this chapter 11 case (the "Claims Register") unless withdrawn by the applicable claimants or otherwise disallowed by the Court, subject to the Trust's right to object to such surviving Claim in the future on any grounds permitted by applicable law.  Accordingly, the Trust requests that the Court disallow and expunge the Amended Claims from the Claims Register.

B.     **Duplicate Claims**

16.     The Trust objects to the Duplicate Claims listed in the column labelled "Claims to be Disallowed" on **Schedule 2** to **Exhibit A** because the Trust has determined that they are substantively or exactly duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) for the same

underlying liability. Failure to disallow the Duplicate Claims may result in a double recovery to the claimants at the expense of other creditors. Moreover, disallowance of these Duplicate Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Trust. Disallowance or expungement of the Duplicate Claims will not affect the "Remaining Claims" listed on **Schedule 2**, which will remain on the Claims Register unless withdrawn by the relevant claimants or otherwise disallowed by the Court, subject to the Trust's right to object to the surviving Claims in the future on any grounds permitted by applicable law. Accordingly, the Trust requests that the Court disallow and expunge the Duplicate Claims from the Claims Register.

### C. No Liability Claims

17. The Trust objects to the No Liability Claims on **Schedule 3** because the Trust has determined that the obligations asserted in the No Liability Claims seek recovery of amounts for which the Trust is not liable because the Claim is either payable by a different entity or because the Trust has already paid or otherwise satisfied the liability asserted in the Claim. The specific grounds for the finding of no liability for each No Liability Claim is included in **Schedule 3**.

18. In summary, certain Claims on **Schedule 3** are Claims that the Trust has determined are Claims filed by residents of Henry Ford Village who entered into a Lease Addendum with the Purchaser. Pursuant to section 5.1 of the Plan, if a

current resident executed a Lease Addendum, their Residency Agreement was deemed cured and such resident waived their right to a distribution from the Debtor's bankruptcy estate. Accordingly, the Trust asserts that it has no liability on account of such Claims.

19.  Certain other Claims on **Schedule 3** are Claims that the Trust has determined are Claims filed by residents of Henry Ford Village who were party to rental agreements with the Debtor, which required such residents to provide a security deposit.[2] These security deposits were held in a segregated bank account which was transferred to HFV OpCo (the purchaser of Henry Ford Village) prior to the Effective Date. HFV OpCo has represented to the Trust that it will return security deposits to the residents following the termination of their leases.

20.  Finally, certain other Claims on **Schedule 3** provide insufficient supporting documentation, seek payment for indebtedness of which the Trust has no records, were not timely-filed, or were not filed by the named beneficiary in the underlying Residency Agreement. The Trust has reviewed such Claims and has been unable to verify that such Claims are valid. Accordingly, the Trust asserts that it is not liable for such Claims.

---

[2]  These rental agreements are different from the Residency Agreements, which required payment of an Entrance Fee as a condition of residency. Entrance Fees were not security deposits held in a segregated account but were used to fund operations and debt service at Henry Ford Village prior to the bankruptcy filing.

157167431.2

21. Accordingly, to prevent an unwarranted recovery by the claimants asserting the No Liability Claims to the detriment of other creditors, the Trust requests that the Court disallow and expunge the No Liability Claims from the Trust's Claim Register.

**D.  Claims to be Modified and Allowed**

22. The Trust objects to the Modified Claims on **Schedule 4** to **Exhibit A** because the Trust has determined that each Modified Claim showed a record of indebtedness that is inconsistent with the Debtor's books and records and/or asserted a priority under the Bankruptcy Code that is not applicable to such Claim. The Trust accordingly seeks to modify the Claims to be consistent with the Debtor's books and records.

23. Specifically, certain of the Claims on **Schedule 4** are inconsistent with the amount owed according to the Debtor's books and records. Most commonly, these inconsistencies arise because the Claims fail to account for certain fees and charges that the Debtor was entitled to deduct from the Entrance Fee Refund pursuant to the Residency Agreements. The Trust has reviewed such Claims and believe that the reduced amount on **Schedule 4** is the correct amount the Trust owes on account of such Claims.

24. Certain other Claims on **Schedule 4** assert a priority claim under section 507(a)(7) of the Bankruptcy Code, which grants a priority for "allowed unsecured

claims of individuals, to the extent of $3,025…arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." 11 U.S.C. 507(a)(7).[3] Many claimants with Claims arising from Entrance Fee Refunds asserted a priority claim under section 507(a)(7). However, Entrance Fees are not the sort of deposit covered by section 507(a)(7). Unlike a traditional security deposit which a landlord is required to escrow in a segregated account and required to return at the end of a lease, the Entrance Fees were not permanently escrowed or held in a segregated account but instead were deposited into the Debtor's general operating account and used to pay operating expenses. The Entrance Fees are not like traditional security deposits, but instead more like membership deposits or initiation fees that are paid to join a community or club. Several courts faced with this issue have held that such initiation fees are not entitled to priority under section 507(a)(7). *See, e.g.*, *In re Four Star Financial Services, LLC*, 469 B.R. 30, 35 (C.D. Cal. 2012) (claim not entitled to 507(a)(7) priority where initiation fee immediately entitled claimant to use of property); *In re Palmas del Mar Country Club, Inc.*, 443 B.R. 569, 574

---

[3] The cap on the section 507(a)(7) was increased to $3,350 on April 1, 2022. However, pursuant section 104(c) increases do not apply to cases commenced before the date of such adjustments. The 507(a)(7) priority cap effective during this case was $3,025.

157167431.2

(Bankr. D. P.R. 2010) (membership deposits with conditions to repayment, including condition that membership deposits were subsequently sold, were not deposits with purview of section 507(a)(7)).

25. Accordingly, the Modified Claims are ineligible for the asserted priority and should be reclassified as a general unsecured claim.

26. Failure to adjust the Modified Claims could result in the relevant claimant receiving an unwarranted recovery against the Trust at the expense of other creditors. Accordingly, the Trust respectfully request the entry of an order modifying and/or reclassifying each Modified Claim in the amount and priority listed in the column labelled "Modified Claim" on **Schedule 4** to **Exhibit A**.

### Notice

27. Pursuant to the Omnibus Claim Objection Procedures, the Bankruptcy Court approved the form of notice attached hereto as **Exhibit B**. The Trust will provide (a) a customized notice of this Third Objection to each affected claimant party set forth on each Claim subject to this Third Objection or their respective attorney of record, and (b) form of notice of the Third Objection to all entities that have filed a request for notice pursuant to Bankruptcy Rule 2002. The Trust submits that no other or further notice need be provided.

157167431.2

## No Prior Request

28.     The Trust has previously filed the First and Second Objections.  No prior request for the relief sought in this Third Objection has been made to this or any other court.

WHEREFORE, the Trust respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 17, 2022                          Respectfully submitted,

By: */s/ Eric E. Walker*

Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Phone:     (312) 324-8400
Fax:         (312) 324-9400
E-mail:    EWalker@perkinscoie.com
                KAllare@perkinscoie.com

James Morgan
Howard & Howard Attorneys, PLLC
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone:     (312) 456-3414
Fax:         (312) 939-5617
E-mail:    JEM@h2law.com

*Counsel to HFV Liquidating Trust*

**Exhibit A**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

HFV LIQUIDATING TRUST,

              Debtor.

Case No. 20-51066-mar

Chapter 11

Honorable Mark A. Randon

---

## ORDER SUSTAINING THIRD OMNIBUS OBJECTION OF THE HFV LIQUIDATING TRUST TO (A) AMENDED OR SUPERSEDED CLAIMS, (B) DUPLICATE CLAIMS, (C) CERTAIN NO LIABILITY CLAIMS, AND (D) CLAIMS TO BE MODIFIED

Upon the objection (the "Third Objection") of the HFV Liquidating Trust (the "Trust"), for entry of an order (this "Order"), (a) disallowing the Claims as set forth on **Schedules 1–3** attached hereto, and (b) modifying and/or reclassifying the claims listed on **Schedule 4** attached hereto as more fully set forth in the Third Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Third Objection is in the best interests of the Trust, its creditors, and other parties in interest; and this Court having found that the Trust's notice of the Third Objection and opportunity for a hearing on the Third Objection were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Third Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Third Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Third Objection is sustained as set forth herein.

2.      The Amended Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 1** attached hereto in the column titled "Remaining Claims."

3.      The Duplicate Claims set forth on the attached **Schedule 2** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 2** attached hereto in the column titled "Remaining Claims."

4.      The No Liability Claims set forth on **Schedule 3** are disallowed and expunged in their entirety.

5.      The Modified Claims are hereby modified as reflected in the column titled "Modified Claims" on **Schedule 4** to this Order.  The Modified Claims will

remain on the claims register maintained by the Trust (the "Claims Register") and such Claims and remain subject to future objection on any basis.

6.      Each objection by the Trust to each Claim addressed in the Third Objection as identified in **Schedules 1–4** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7.      The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

8.      Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Third Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

10.     The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Third Objection.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit B**

## **Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:                                   Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                   Chapter 11

          Debtor.                       Honorable Mark A. Randon

_____

## NOTICE OF THE HFV LIQUIDATING TRUST'S
## THIRD OMNIBUS OBJECTION TO CLAIMS

On June 17, 2022, the HFV Liquidating Trust (the "Trust")[4] filed the *Third Omnibus Objection of The HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, (C) Certain No Liability Claims, and Claims to be Modified* [Docket No. __] (the "Third Omnibus Objection") with the Court attached hereto as **Exhibit 1**. By the Third Omnibus Objection, the Trust is objecting to certain claims, including the claim(s) described on **Exhibit 2**.

**Your claim may be reduced, modified, or disallowed**. **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to disallow or modify your claim, then on or before **July 13, 2022** (the "Objection Deadline"), you or your lawyer must:

     1.    File a written response (a "Response") to the objection, explaining your position. Your Response must be sent to:

| U.S. Bankruptcy Court |
|---|
| Eastern District of Michigan<br>211 West Fort Street<br>Courtroom 1825<br>Detroit, MI 48226 |

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

157167431.2

| Counsel to the HFV Liquidating Trust | |
|---|---|
| **PERKINS COIE LLP**<br>Eric E. Walker, IL Bar No. 6290993<br>Kathleen M. Allare, IL Bar No. 6326536<br>110 North Wacker, Suite 3400<br>Chicago, IL 60606<br>EWalker@perkinscoie.com<br>Kallare@perkinscoie.com | **HOWARD & HOWARD ATTORNEYS PLLC**<br>James E. Morgan (Fed. Id. No. 90785074)<br>450 West Fourth Street<br>Royal Oak, Michigan 47067-2557<br>jem@h2law.com |
| **Counsel to United States Trustee** | |
| Leslie K. Berg<br>211 West Fort St., Suite 700<br>Detroit, MI 48226<br>Leslie.K.Berg@usdoj.gov | |

If you mail your Response to the Court for filing, you must mail it early enough so that it will be **<u>received</u>** on or before the Objection Deadline stated above. All attorneys are required to file pleadings electronically.

A Response should include the below information:

A.     a caption setting forth the name of the Court, the name of the Trust, the case number, and the title of the Third Omnibus Objection to which the Response is directed;

B.     the claimant's name and an explanation for the amount of the Claim;

C.     a concise statement setting forth the reasons why the Court should not sustain the Third Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Third Omnibus Objection;

D.     a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Third Omnibus Objection at the hearing; and

157167431.2
20-51066-mar    Doc 795    Filed 06/17/22    Entered 06/17/22 18:19:23    Page 21 of 34

E.      the claimant's name, address, telephone number, and email address and/or the name, address, telephone number and email address of the claimant's attorney and/or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any (collectively, the "Notice Addresses"). If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Third Omnibus Objection (including all Claims to be disallowed and expunged and the surviving Claims).

2.      Attend the hearing on the objection, scheduled to be held on **July 20, 2022, at 10:00 a.m.** in Courtroom 1825, United States Bankruptcy Court, 211 West Fort St., Detroit, MI, unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

Judge Randon is conducting all conferences and non-evidentiary hearings by telephone. At least five minutes prior to the scheduled hearing, counsel and parties should call 1-888-363-4734 and use Access Code 2795304. Please place phone on mute and wait until your case is called. Once your case is called, please unmute your phone and participate.

Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

If you have any questions regarding the Third Omnibus Objection and/or if you wish to obtain a copy of the Third Omnibus Objection or related documents, you may call the Trust's claims agent at (866) 223-7306. You may also obtain a copy of the Third Omnibus Objection or related documents by visiting the Trust's restructuring website at www.cases.stretto.com/hfv/.

Dated:  June 17, 2022          By:   _/s/ Eric E. Walker_____

**PERKINS COIE LLP**

Eric E. Walker, IL Bar No. 6290993

Kathleen M. Allare, IL Bar No. 6326536

110 North Wacker, Suite 3400

Chicago, IL 60606

Telephone:  (312) 324-8400

Fax:          (312) 324-9400

Email:        EWalker@perkinscoie.com

              Kallare@perkinscoie.com


-and-


**HOWARD & HOWARD ATTORNEYS PLLC**

James E. Morgan (Fed. Id. No. 90785074)

450 West Fourth Street

Royal Oak, Michigan 47067-2557

Telephone:  (248) 645-1483

Fax:          (248) 645-1568

Email:        jem@h2law.com


*Counsel for HFV Liquidating Trust*

| Claim to be Disallowed | | | | | | Remaining Claim | | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection |
| **1** IN RE: RESIDENT ID 20569 [NAME REDACTED] | Henry Ford Village, Inc. | | 25 | 12/8/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $17,672.00<br>General Unsecured: $0.00<br><br>Total: $17,672.00 | IN RE: RESIDENT ID 20569 [NAME REDACTED] | Henry Ford Village, Inc. | 245 | 4/6/2021 | Administrative: $0.00<br>Secured: $13,335.98<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $13,335.00 | Amended Claim |
| **2** IN RE: RESIDENT ID 20162 [NAME REDACTED] | Henry Ford Village, Inc. | 2377989 | 220 | 3/24/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $150,052.17<br><br>Total: $150,052.17 | ARGO PARTNERS | Henry Ford Village, Inc. | 229 | 3/30/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $150,052.17<br><br>Total: $150,052.17 | Amended Claim |
| **3** IN RE: RESIDENT ID 22915 [NAME REDACTED] | Henry Ford Village, Inc. | | 364 | 11/18/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $97,125.00<br><br>Total: $97,125.00 | IN RE: RESIDENT ID 20892 [NAME REDACTED] | Henry Ford Village, Inc. | 410 | 1/9/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $129,500.00<br><br>Total: $129,500.00 | Amended Claim |
| **4** IN RE: RESIDENT ID 20237 [NAME REDACTED] | Henry Ford Village, Inc. | | 180 | 3/1/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $140,000.00<br><br>Total: $140,000.00 | IN RE: RESIDENT ID 20237 [NAME REDACTED] | Henry Ford Village, Inc. | 321 | 4/22/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $136,975.00<br><br>Total: $140,000.00 | Amended Claim |
| **TOTALS** | | | | | $404,849.17 | | | | | $432,888.15 | |

| | Claim to be Disallowed | | | | | | Remaining Claim | | | | | Reasoning for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | |
| 1 | IN RE: RESIDENT ID 22916 [NAME REDACTED] | Henry Ford Village, Inc. | | 365 | 11/22/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $44,358.89<br><br>Total: $44,358.89 | IN RE: RESIDENT ID 21036 [NAME REDACTED] | Henry Ford Village, Inc. | 408 | 1/6/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $44,358.89<br><br>Total: $44,358.89 | Duplicate Claim |
| 2 | IN RE: RESIDENT ID 21924 [NAME REDACTED] | Henry Ford Village, Inc. | | 102 | 1/29/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $100,000.00<br><br>Total: $100,000.00 | IN RE: RESIDENT ID 21963 [NAME REDACTED] | Henry Ford Village, Inc. | 147 | 2/18/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $100,000.00<br><br>Total: $100,000.00 | Duplicate Claim |
| 3 | IN RE: RESIDENT ID 22002 [NAME REDACTED] | Henry Ford Village, Inc. | | 190 | 3/5/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $78,075.00<br><br>Total: $78,075.00 | IN RE: RESIDENT ID 22002 [NAME REDACTED] | Henry Ford Village, Inc. | 193 | 3/5/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $78,075.00<br><br>Total: $78,075.00 | Duplicate Claim |
| 4 | IN RE: RESIDENT ID 22133 [NAME REDACTED] | Henry Ford Village, Inc. | | 66 | 1/4/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $19,717.80<br><br>Total: $19,717.80 | IN RE: RESIDENT ID 22133 [NAME REDACTED] | Henry Ford Village, Inc. | 129 | 2/15/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $19,717.80<br><br>Total: $19,717.80 | Duplicate Claim |
| | TOTALS | | | | | $242,151.69 | | | | | $242,151.69 | |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | IN RE: RESIDENT ID 21355 [NAME REDACTED] | Henry Ford Village, Inc. | | 310 | 4/22/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $46,859.25<br><br>Total: $46,859.25 | Disallow & Expunge | No Liability. Trust's records reflect that Claimant executed the lease addendum with Purchaser of HFV which waived a right to claim against Trust. |
| 2 | IN RE: RESIDENT ID 22561 [NAME REDACTED] | Henry Ford Village, Inc. | | 417 | 3/9/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $49,000.00<br><br>Total: $49,000.00 | Disallow & Expunge | No Liability - Late-Filed and No Record of Liability |
| 3 | IN RE: RESIDENT ID 21934 [NAME REDACTED] | Henry Ford Village, Inc. | | 287 | 4/19/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $2,651.00<br><br>Total: $5,676.00 | Disallow & Expunge | No Liability. Following a reasonable review of the Debtor's books and records and the documents attached the claim, the Trust has no record of liability asserted by this claim. |
| 4 | IN RE: RESIDENT ID 20882 [NAME REDACTED] | Henry Ford Village, Inc. | 2378194 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $7,899.00<br><br>Total: $7,899.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| 5 | IN RE: RESIDENT ID 22950 [NAME REDACTED] | Henry Ford Village, Inc. | 2379685 | 379 | 12/17/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $120,000.00<br><br>Total: $120,000.00 | Disallow & Expunge | No Liability. Following a reasonable review of the Debtor's books and records and the documents attached the claim, the Trust has no record of liability asserted by this claim. |
| 6 | IN RE: RESIDENT ID 21537 [NAME REDACTED] | Henry Ford Village, Inc. | 2378261 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br><br>Total: $1,000.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 7 | IN RE: RESIDENT ID 22964 [NAME REDACTED] | Henry Ford Village, Inc. | | 411 | 1/14/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $998.00<br><br>Total: $4,023.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| 8 | IN RE: RESIDENT ID 21934 [NAME REDACTED] | Henry Ford Village, Inc. | | 260 | 4/11/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $2,651.00<br><br>Total: $5,676.00 | Disallow & Expunge | No Liability.  Following a reasonable review of the Debtor's books and records and the documents attached the claim, the Trust has no record of liability asserted by this claim. |
| 9 | IN RE: RESIDENT ID 21539 [NAME REDACTED] | Henry Ford Village, Inc. | 2378268 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br><br>Total: $1,000.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| 10 | IN RE: RESIDENT ID 21963 [NAME REDACTED] | Henry Ford Village, Inc. | | 147 | 2/18/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $100,000.00<br><br>Total: $100,000.00 | Disallow & Expunge | No Liability.  Claim is the surviving claim of duplicate claim 102.  Claim 147 arises from disputed prepetition litigation. |
| 11 | IN RE: RESIDENT ID 22389 [NAME REDACTED] | Henry Ford Village, Inc. | 2379764 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $3,496.00<br><br>Total: $3,496.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| 12 | IN RE: RESIDENT ID 21222 [NAME REDACTED] | Henry Ford Village, Inc. | 2379777 | 386 | 12/21/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $3,597.89<br><br>Total: $6,622.89 | Disallow & Expunge | No Liability.  Trust's records reflect that Claimant executed the lease addendum with Purchaser of HFV which waived a right to claim against Trust. |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 13 | IN RE: RESIDENT ID 21534 [NAME REDACTED] | Henry Ford Village, Inc. | 2380045 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $3,496.00<br><br>Total: $3,496.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| 14 | IN RE: RESIDENT ID 22401 [NAME REDACTED] | Henry Ford Village, Inc. | | 336 | 7/1/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $104,975.80<br><br>Total: $104,975.80 | Disallow & Expunge | No Liability – Not the Named Beneficiary Under Residency Agreement |
| 15 | IN RE: RESIDENT ID 20429 [NAME REDACTED] | Henry Ford Village, Inc. | 2379945 | 377 | 2/10/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $93,000.00<br><br>Total: $93,000.00 | Disallow & Expunge | No Liability. Trust's records reflect that Claimant executed the lease addendum with Purchaser of HFV which waived a right to claim against Trust. |
| 16 | IN RE: RESIDENT ID 22094 [NAME REDACTED] | Henry Ford Village, Inc. | 2377942 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $977.97<br><br>Total: $977.97 | Disallow & Expunge | No Liability. Trust's records reflect that Claimant executed the lease addendum with Purchaser of HFV which waived a right to claim against Trust. |
| 17 | IN RE: RESIDENT ID 21542 [NAME REDACTED] | Henry Ford Village, Inc. | 2378290 | | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br><br>Total: $1,000.00 | Disallow & Expunge | No Liability - Security Deposit Held in a Segregated Account Transferred to Purchaser of HFV |
| | **TOTALS** | | | | | **$554,701.91** | | |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | IN RE: RESIDENT ID 21277 [NAME REDACTED] | Henry Ford Village, Inc. | | 128 | 2/15/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $110,500.00<br><br>Total: $110,500.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $45,490.00<br><br>Total: $45,490.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 2 | IN RE: RESIDENT ID 22603 [NAME REDACTED] | Henry Ford Village, Inc. | 2379731 | 405 | 1/5/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $548,000.00<br>General Unsecured: $0.00<br><br>Total: $548,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $129,000.00<br><br>Total: $129,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 3 | IN RE: RESIDENT ID 20328 [NAME REDACTED] | Henry Ford Village, Inc. | | 174 | 3/2/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $143,975.00<br><br>Total: $147,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $132,000.00<br><br>Total: $132,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 4 | IN RE: RESIDENT ID 21646 [NAME REDACTED] | Henry Ford Village, Inc. | | 242 | 4/5/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $139,032.45<br><br>Total: $142,057.45 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $142,057.45<br><br>Total: $142,057.45 | Reduce and/or Reclassify per Debtor's Books and Records |
| 5 | IN RE: RESIDENT ID 21815 [NAME REDACTED] | Henry Ford Village, Inc. | 2378241 | 146 | 2/18/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $99,000.00<br><br>Total: $99,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $91,080.00<br><br>Total: $91,080.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 6 | IN RE: RESIDENT ID 22002 [NAME REDACTED] | Henry Ford Village, Inc. | 2378269 | 193 | 3/5/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $78,075.00<br><br>Total: $78,075.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $76,765.00<br><br>Total: $76,765.00 | Reduce and/or Reclassify per Debtor's Books and Records |

## Schedule 4
### Claims to be Modified

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 7 | IN RE: RESIDENT ID 20397 [NAME REDACTED] | Henry Ford Village, Inc. | | 62 | 12/23/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $143,575.00<br><br>Total: $146,600.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $146,600.00<br><br>Total: $146,600.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 8 | IN RE: RESIDENT ID [NAME REDACTED] | Henry Ford Village, Inc. | | 182 | 3/1/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $239.00<br><br>Total: $3,264.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $3,264.00<br><br>Total: $3,264.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 9 | IN RE: RESIDENT ID 20237 [NAME REDACTED] | Henry Ford Village, Inc. | | 321 | 4/22/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $136,975.00<br><br>Total: $140,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $132,581.14<br><br>Total: $132,581.14 | Reduce and/or Reclassify per Debtor's Books and Records |
| 10 | IN RE: RESIDENT ID 20892 [NAME REDACTED] | Henry Ford Village, Inc. | 2379546 | 410 | 1/9/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $129,500.00<br><br>Total: $129,500.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $124,346.00<br><br>Total: $124,346.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 11 | IN RE: RESIDENT ID 22206 [NAME REDACTED] | Henry Ford Village, Inc. | 2377968 | 284 | 4/19/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $56,725.00<br><br>Total: $59,750.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $22,048.84<br><br>Total: $22,048.84 | Reduce and/or Reclassify per Debtor's Books and Records |
| 12 | IN RE: RESIDENT ID 22232 [NAME REDACTED] | Henry Ford Village, Inc. | | 241 | 4/5/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $175,975.00<br><br>Total: $179,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $149,767.08<br><br>Total: $149,767.08 | Reduce and/or Reclassify per Debtor's Books and Records |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 13 | IN RE: RESIDENT ID 20942 [NAME REDACTED] | Henry Ford Village, Inc. | 2378205 | 393 | 12/28/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $1,458.00<br><br>Total: $4,483.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $4,483.00<br><br>Total: $4,483.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 14 | IN RE: RESIDENT ID 20977 [NAME REDACTED] | Henry Ford Village, Inc. | | 307 | 4/21/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $130,000.00<br><br>Total: $130,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $129,778.14<br><br>Total: $129,778.14 | Reduce and/or Reclassify per Debtor's Books and Records |
| 15 | IN RE: RESIDENT ID 20197 [NAME REDACTED] | Henry Ford Village, Inc. | | 34 | 12/8/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $233,000.00<br><br>Total: $233,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $207,509.45<br><br>Total: $207,509.45 | Reduce and/or Reclassify per Debtor's Books and Records |
| 16 | IN RE: RESIDENT ID 20305 [NAME REDACTED] | Henry Ford Village, Inc. | | 201 | 3/4/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $146,950.00<br><br>Total: $146,950.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $138,271.32<br><br>Total: $138,271.32 | Reduce and/or Reclassify per Debtor's Books and Records |
| 17 | IN RE: RESIDENT ID 21036 [NAME REDACTED] | Henry Ford Village, Inc. | 2379652 | 408 | 1/6/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $44,358.89<br><br>Total: $44,358.89 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $41,914.28<br><br>Total: $41,914.28 | Reduce and/or Reclassify per Debtor's Books and Records |
| 18 | IN RE: RESIDENT ID 20569 [NAME REDACTED] | Henry Ford Village, Inc. | | 245 | 4/6/2021 | Administrative: $0.00<br>Secured: $13,335.98<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $13,335.98 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $17,441.60<br><br>Total: $17,441.60 | Reduce and/or Reclassify per Debtor's Books and Records |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 19 | IN RE: RESIDENT ID 21145 [NAME REDACTED] | Henry Ford Village, Inc. | 2379769 | 390 | 12/27/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $96,975.00<br><br>Total: $100,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $100,000.00<br><br>Total: $100,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 20 | IN RE: RESIDENT ID 22251 [NAME REDACTED] | Henry Ford Village, Inc. | | 312 | 4/20/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $84,000.00<br><br>Total: $84,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $78,070.44<br><br>Total: $78,070.44 | Reduce and/or Reclassify per Debtor's Books and Records |
| 21 | IN RE: RESIDENT ID 22961 [NAME REDACTED] | Henry Ford Village, Inc. | | 407 | 1/6/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $69,837.50<br><br>Total: $72,862.50 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $46,015.00<br><br>Total: $46,015.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 22 | IN RE: RESIDENT ID 20064 [NAME REDACTED] | Henry Ford Village, Inc. | | 166 | 2/26/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $152,250.00<br><br>Total: $152,250.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $152,000.00<br><br>Total: $152,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 23 | IN RE: RESIDENT ID 21540 [NAME REDACTED] | Henry Ford Village, Inc. | 2380040 | 416 | 1/19/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $1,000.00<br>General Unsecured: $0.00<br><br>Total: $1,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br><br>Total: $1,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 24 | IN RE: RESIDENT ID 21194 [NAME REDACTED] | Henry Ford Village, Inc. | | 326 | 4/30/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $159,000.00<br>General Unsecured: $0.00<br><br>Total: $159,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $159,000.00<br><br>Total: $159,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 25 | IN RE: RESIDENT ID 20323 [NAME REDACTED] | Henry Ford Village, Inc. | | 226 | 3/25/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $85,000.00<br><br>Total: $85,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $9,802.21<br><br>Total: $9,802.21 | Reduce and/or Reclassify per Debtor's Books and Records |
| 26 | IN RE: RESIDENT ID 20427 [NAME REDACTED] | Henry Ford Village, Inc. | | 277 | 4/19/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $128,975.00<br><br>Total: $132,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $120,152.74<br><br>Total: $120,152.74 | Reduce and/or Reclassify per Debtor's Books and Records |
| 27 | IN RE: RESIDENT ID 20477 [NAME REDACTED] | Henry Ford Village, Inc. | | 234 | 3/31/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $176,056.00<br><br>Total: $179,081.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $178,485.67<br><br>Total: $178,485.67 | Reduce and/or Reclassify per Debtor's Books and Records |
| 28 | IN RE: RESIDENT ID 21951 [NAME REDACTED] | Henry Ford Village, Inc. | | 320 | 4/22/2021 | Administrative: $133,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $133,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $133,000.00<br><br>Total: $133,000.00 | Reduce and/or Reclassify per Debtor's Books and Records |
| 29 | IN RE: RESIDENT ID 20253 [NAME REDACTED] | Henry Ford Village, Inc. | | 74 | 1/11/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $139,310.07<br><br>Total: $139,310.07 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $138,868.73<br><br>Total: $138,868.73 | Reduce and/or Reclassify per Debtor's Books and Records |
| 30 | IN RE: RESIDENT ID 22138 [NAME REDACTED] | Henry Ford Village, Inc. | | 48 | 12/18/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $118,551.00<br><br>Total: $118,551.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $79,596.00<br><br>Total: $79,596.00 | Reduce and/or Reclassify per Debtor's Books and Records |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 31 | IN RE: RESIDENT ID 21686 [NAME REDACTED] | Henry Ford Village, Inc. | | 136 | 2/16/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,025.00<br>General Unsecured: $103,975.00<br><br>Total: $107,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $42,279.66<br><br>Total: $42,279.66 | Reduce and/or Reclassify per Debtor's Books and Records |
| | TOTALS | | | | | $3,817,928.89 | $2,972,667.75 | |