## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:                                    Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                    Chapter 11

            Debtor.         Honorable Mark A. Randon

---

## FOURTH OMNIBUS OBJECTION OF THE
## HFV LIQUIDATING TRUST TO (A) AMENDED OR
## SUPERSEDED CLAIMS, (B) DUPLICATE CLAIMS,
## (C) NO LIABILITY CLAIMS, AND (D) SATISFIED CLAIMS

The HFV Liquidating Trust (the "Trust"), as successor to Henry Ford Village, Inc. (the "Debtor" or "Henry Ford Village"), pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 3007-1 and 9013-2 of the Local Rules (the "Local Bankruptcy Rules"), and that certain *Order (I) Approving Procedures for Filing Omnibus Objections to Claims, (II) Approving the Form and Manner of the Notice of Omnibus Objections, and (III) Granting Related Relief* [Docket No. 771] (the "Objection Procedures Order"),[1] hereby files its fourth omnibus objection to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objections Procedures Order.

157252378.4

Claims (the "<u>Fourth Objection</u>"), and in support thereof, respectfully states as follows:

## **<u>Relief Requested</u>**

1.     By this Fourth Objection, the Trust seeks an order, substantially in the form attached hereto as **<u>Exhibit A</u>,** (a) disallowing and expunging the Claims identified on **<u>Schedule 1</u>** to **<u>Exhibit A</u>** (collectively, the "<u>Amended Claims</u>") because the Claims have been amended by subsequently filed Proofs of Claim, (b) disallowing and expunging the Claims identified on **<u>Schedule 2</u>** to **<u>Exhibit A</u>** (collectively, the "<u>Duplicate Claims</u>") because they are duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities, (c) disallowing and expunging the Claims identified on **<u>Schedule 3</u>** to **<u>Exhibit A</u>** (collectively, the "<u>No Liability Claims</u>") because the claims seek recovery of amount for which the Trust is not liable, and (d) disallowing and expunging the Claims identified on **<u>Schedule 4</u>** to **<u>Exhibit A</u>** (collectively, the "<u>Satisfied Claims</u>") because such Claims seek recovery of amounts that have been fully satisfied.

## **<u>Jurisdiction and Venue</u>**

2.     The United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

- 2 -

4.     The bases for the relief requested herein are section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 the Bankruptcy Rules, and Rules 3007-1 and 9013-2 of the Local Bankruptcy Rules.

## **The Claims Reconciliation Process**

5.     On the Effective Date, the Trust was formed pursuant to the confirmed chapter 11 plan (the "<u>Plan</u>") as the successor to the Debtor responsible for administering the Debtor's remaining assets.  One of the primary tasks the Trust must undertake in that regard is the reconciliation of Claims asserted against the Debtor's estate to determine what Claims should be allowed and therefore entitled to distribution pursuant to the Plan.

6.     To date, approximately 419 Proofs of Claim have been filed and approximately 2,592 scheduled Claims appear on the Debtor's schedules.  Because of the large number of Claims in this case, the Trust sought and has been granted approval to file omnibus objections to certain Claims in accordance with the Objection Procedures Order.

7.     The Trust has engaged in an extensive outreach process to certain holders of Class 2 General Unsecured Claims in an attempt to resolve any differences that became apparent in the Claims reconciliation process.  The Trust contacted holders of Claims that it determined were either residents or former residents and

offered to enter into consensual stipulations that voluntarily modified the Claims to match the Debtor's schedules and provided for the withdrawal of duplicative and amended Claims. As a result of this process, the Trust has entered into 70 stipulations resolving 159 Claim disputes.

8.     On June 6, 2022, the Trust filed the *First Omnibus Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C) Certain No Liability Claims* [Docket No. 779] (the "First Objection"). On June 14, 2022, the Trust filed the *Second Omnibus Objection of the HFV Liquidating Trust to (A) No Liability Claims, (B) Satisfied Claims, and (C) Claims to be Modified* [Docket No. 791] (the "Second Objection"). On June 17, 2022, the Trust filed the *Third Omnibus Objection to (A) Amended or Superseded Claims, (B) Duplicate Claims, (C) No Liability Claims, and (D) Claims to Be Modified* [Docket No. 795] (the "Third Objection," and collectively, the "Omnibus Objections"). The Omnibus Objections are currently set for hearing on July 20, 2022. Concurrent with filing the Omnibus Objections, the Trust has continued to seek consensual resolution of the disputed Claims through stipulation, and anticipates resolving a number of disputed Claims prior to the hearing.

9.     By this Fourth Objection, the Trust now seeks approval to disallow and expunge certain Claims for the reasons set forth below.

## Objection

10.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.  *See* 11 U.S.C. § 502(a).  Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection."  Bankruptcy Rule 3007(d).  The Objection Procedures Order expands upon Bankruptcy Rule 3007(d) and permits the Trust to file an omnibus objection on additional grounds.

11.     As described in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim is prima facie evidence of the validity and the amount of the claim under Bankruptcy Code 502(a).  To maintain its prima facie validity, however, the claimant must allege sufficient facts to support its claim.  *In re McLaughlin*, 320 B.R. 661, 665 (N.D. Ohio 2005) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) (observing that supporting documentation was needed for a proof of claim to valid *prima facie*).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See, e.g., In re Central Processing Services, LLC*, 606 B.R. 712, 715 (Bankr. E.D. Mich. 2019); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

12.    Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order, the Trust files this Fourth Objection to the Claims listed on **Schedules 1-4** to **Exhibit A** on the bases set forth below.

### A.    Amended Claims

13.    The Trust objects to the Claims listed in the column labelled "Claims to be Disallowed" on **Schedule 1** to **Exhibit A** because the Trust has determined that these Claims have been amended and superseded by subsequently filed Proofs of Claim by the same claimant on account of the same liability.  Disallowance or expungement of the Amended Claims will not affect the Claims identified in the column labelled "Remaining Claims" on **Schedule 1** to **Exhibit A**, which will remain on the claims register maintained in this chapter 11 case (the "Claims Register") unless withdrawn by the applicable claimants or otherwise disallowed by the Court, subject to the Trust's right to object to such surviving Claim in the future on any grounds permitted by applicable law.  Accordingly, the Trust requests that the Court disallow and expunge the Amended Claims from the Claims Register.

### B.    Duplicate Claims

14.    The Trust objects to the Duplicate Claims listed in the column labelled "Claims to be Disallowed" on **Schedule 2** to **Exhibit A** because the Trust has determined that they are substantively or exactly duplicative of other Proofs of Claim filed by or on behalf of the same claimant (or a successor thereto) for the same

- 6 -

underlying liability. Failure to disallow the Duplicate Claims may result in a double recovery to the claimants at the expense of other creditors. Moreover, disallowance of these Duplicate Claims will enable the Claims Register to reflect more accurately the Claims asserted against the Trust. Disallowance or expungement of the Duplicate Claims will not affect the "Remaining Claims" listed on **Schedule 2**, which will remain on the Claims Register unless withdrawn by the relevant claimants or otherwise disallowed by the Court, subject to the Trust's right to object to the surviving Claims in the future on any grounds permitted by applicable law. Accordingly, the Trust requests that the Court disallow and expunge the Duplicate Claims from the Claims Register.

### C. No Liability Claims

15. The Trust objects to the No Liability Claims on **Schedule 3** because the Trust has determined that the obligations asserted in the No Liability Claims seek recovery of amounts for which the Trust is not liable because the Claim fails to provide sufficient documentation or seeks payment for which the Trust has no record. The specific grounds for the finding of no liability for each No Liability Claim is included in **Schedule 3**.

16. The Trust has examined the prepetition Accounts Payable of the Debtor and determined that certain Claims on **Schedule 3** reflect indebtedness for which the Trust has no records. Additionally, certain No Liability Claims failed to provide

sufficient supporting documentation that would have allowed the Trust to identify the liabilities associated with Claim.  Accordingly, the Trust asserts that it is not liable for such Claims.

17.     Other No Liability Claims were filed in the amount of $0.00 or as contingent, unliquidated liabilities.  The Trust has no records indicating liability for such Claims.

18.     In sum, the Trust has determined that the Debtor's estate has no liability for the No Liability Claims.  Accordingly, to prevent an unwarranted recovery by the claimants asserting the No Liability Claims to the detriment of other creditors, the Trust requests that the Court disallow and expunge the No Liability Claims from the Trust's Claim Register.

**D.     Satisfied Claims**

19.     The Trust objects to the Satisfied Claims on **Schedule 4** to **Exhibit A** because the Trust has determined that each Satisfied Claim has been resolved pursuant to a final order previously entered by the Bankruptcy Court.  Accordingly, the Trust has determined that it has no further liability on account of such Satisfied Claim.

20.     To allow these Claims to remain on the Trust's Claim Register would lead to multiple recoveries on a single Claim at the expense of other creditors.

- 8 -

Accordingly, the Trust requests that the Court disallow and expunge the Satisfied Claims from the Claims Register.

## Notice

21.     Pursuant to the Omnibus Claim Objection Procedures, the Bankruptcy Court approved the form of notice attached hereto as **Exhibit B**.  The Trust will provide (a) a customized notice of this Fourth Objection to each affected claimant party set forth on each Claim subject to this Fourth Objection or their respective attorney of record, and (b) form of notice of the Fourth Objection to all entities that have filed a request for notice pursuant to Bankruptcy Rule 2002.  The Trust submits that no other or further notice need be provided.

## No Prior Request

22.     The Trust has previously filed the First Objection, Second Objection, and Third Objection.  No prior request for the relief sought in this Fourth Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

157252378.4

WHEREFORE, the Trust respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 22, 2022

Respectfully submitted,

By: */s/ Eric E. Walker*

Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Phone:   (312) 324-8400
Fax:       (312) 324-9400
E-mail:   EWalker@perkinscoie.com
              KAllare@perkinscoie.com

James Morgan
Howard & Howard Attorneys, PLLC
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone:   (312) 456-3414
Fax:       (312) 939-5617
E-mail:   JEM@h2law.com

*Counsel to HFV Liquidating Trust*

- 10 -

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

HFV LIQUIDATING TRUST,

              Debtor.

Case No. 20-51066-mar

Chapter 11

Honorable Mark A. Randon

---

**ORDER SUSTAINING FOURTH OMNIBUS**
**OBJECTION OF THE HFV LIQUIDATING TRUST TO**
**(A) AMENDED OR SUPERSEDED CLAIMS, (B) DUPLICATE**
**CLAIMS, (C) NO LIABILITY CLAIMS, AND (D) SATISFIED CLAIMS**

Upon the objection (the "Fourth Objection") of the HFV Liquidating Trust

(the "Trust"), for entry of an order (this "Order"), (a) disallowing the Claims as set

forth on **Schedules 1–4** attached hereto, all as more fully set forth in the Fourth

Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and that this Court may enter a final order consistent with Article

III of the United States Constitution; and this Court having found that venue of this

proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Fourth

Objection is in the best interests of the Trust, its creditors, and other parties in

interest; and this Court having found that the Trust's notice of the Fourth Objection

and opportunity for a hearing on the Fourth Objection were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed

the Fourth Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Fourth Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Fourth Objection is sustained as set forth herein.

2. The Amended Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 1** attached hereto in the column titled "Remaining Claims."

3. The Duplicate Claims set forth on the attached **Schedule 2** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 2** attached hereto in the column titled "Remaining Claims."

4. The No Liability Claims set forth on **Schedule 3** are disallowed and expunged in their entirety.

5. The Satisfied Claims set forth on **Schedule 4** are disallowed and expunged in their entirety.

6. Each objection by the Trust to each Claim addressed in the Fourth Objection as identified in **Schedules 1–4** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Claim. Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7. The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

8. Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Fourth Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this

Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

10. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Fourth Objection.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

157252378.4

**Schedule 1**
Amended Claims

| | Claim to be Disallowed | | | | | | Remaining Claim | | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Name of Claimant** | **Debtor Name** | **Schedule #** | **Claim #** | **Date Filed** | **Claim Amounts** | **Name of Claimant** | **Debtor Name** | **Claim #** | **Date Filed** | **Claim Amounts** | **for Objection** |
| 1 | DOVER FOODS INC | Henry Ford Village, Inc. | | 5 | 11/24/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $632.27<br><br>Total: $632.27 | AMERICAN QUALITY FOODS | Henry Ford Village, Inc. | 94 | 2/1/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $293.64<br><br>Total: $293.64 | Amended Claim |
| | **TOTALS** | | | | | **$632.27** | | | | | **$293.64** | |

**Schedule 2**
Duplicate Claims

| | Claim to be Disallowed | | | | | | Remaining Claim | | | | | Reasoning for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | |
| 1 | CROSS COUNTRY STAFFING | Henry Ford Village, Inc. | | 132 | 2/10/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $18,697.13<br><br>Total: $18,697.13 | MEDICAL STAFFING NETWORK | Henry Ford Village, Inc. | 333 | 6/2/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $18,697.13<br><br>Total: $18,697.13 | Duplicate Claim |
| | **TOTALS** | | | | | **$18,697.13** | | | | | **$18,697.13** | |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | BUTZEL LONG, P.C. | Henry Ford Village, Inc. | | 31 | 12/8/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $114,132.45<br><br>Total: $114,132.45 | Disallow & Expunge | No Liability - Insufficient Documentation |
| 2 | CAPITAL ONE BANK (USA), N.A. BY AMERICAN INFOSOURCE AS AGENT [OBO AMY SOUTHWICK] | Henry Ford Village, Inc. | | 42 | 12/11/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,998.16<br><br>Total: $1,998.16 | Disallow & Expunge | No Liability - Insufficient Documentation |
| 3 | CIT FINANCE, LLC | Henry Ford Village, Inc. | | 13 | 11/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $735.14<br><br>Total: $735.14 | Disallow & Expunge | No Liability - Insufficient Documentation |
| 4 | [NAME REDACTED] | Henry Ford Village, Inc. | 2378582 | 375 | 12/15/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Disallow & Expunge | No Liability - Filed as $0 or Fully Unliquidated |
| 5 | HD SUPPLY FACILITIES MAINTENANCE | Henry Ford Village, Inc. | | 57 | 12/23/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,823.50<br><br>Total: $1,823.50 | Disallow & Expunge | No Liability - Insufficient Documentation |
| 6 | HEALTH RESOURCES & SERVICES ADMINISTRATION US DHHS | Henry Ford Village, Inc. | | 349 | 9/2/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,241,032.29<br><br>Total: $1,241,032.29 | Disallow & Expunge | No Liability - Filed as Contingent/ Unliquidated. Debtor's books and records do not indicate that the Trust owes any liability to the Claimant. |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 7 | [NAME REDACTED] | Henry Ford Village, Inc. | 2379031 | 400 | 1/3/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Disallow & Expunge | No Liability - Filed as $0 or Fully Unliquidated |
| 8 | [NAME REDACTED] | Henry Ford Village, Inc. | 2379313 | 397 | 12/29/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Disallow & Expunge | No Liability - Filed as $0 or Fully Unliquidated |
| | TOTALS | | | | | $1,359,721.54 | | |

| | Name of Claimant | Debtor Name | Schedule # | Claim # | Date Filed | Current Claim Amounts | Proposed Treatment | Reason for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | TFG LEASING FUND III, LLC | Henry Ford Village, Inc. | | 299 | 4/20/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $41,102.88<br><br>Total: $41,102.88 | Disallow & Expunge | Satisfied by Court Order at Docket No. 491. |
| 2 | VFS LLC | Henry Ford Village, Inc. | | 200 | 3/8/2021 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $92,981.58<br><br>Total: $92,981.58 | Disallow & Expunge | Satisfied by Court Order at Docket No. 639. |
| | **TOTALS** | | | | | $134,084.46 | | |

# **Exhibit B**

## **Notice**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:                                          Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                          Chapter 11

            Debtor.                            Honorable Mark A. Randon

_____

## NOTICE OF THE HFV LIQUIDATING TRUST'S
## FOURTH OMNIBUS OBJECTION TO CLAIMS

On June 22, 2022, the HFV Liquidating Trust (the "<u>Trust</u>")[2] filed the *Fourth Omnibus Objection of The HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, (C) No Liability Claims, and (D)Satisfied Claims* [Docket No. ____] (the "<u>Fourth Omnibus Objection</u>") with the Court attached hereto as **<u>Exhibit 1</u>**. By the Fourth Omnibus Objection, the Trust is objecting to certain claims, including the claim(s) described on **<u>Exhibit 2</u>**.

      **<u>Your claim may be reduced, modified, or disallowed</u>.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to disallow or modify your claim, then on or before **<u>July 18, 2022</u>** (the "<u>Objection Deadline</u>"), you or your lawyer must:

      1.     File a written response (a "<u>Response</u>") to the objection, explaining your position.  Your Response must be sent to:

| **U.S. Bankruptcy Court** |
|:---:|
| Eastern District of Michigan<br>211 West Fort Street<br>Courtroom 1825<br>Detroit, MI 48226 |

_____

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

157252378.4

| Counsel to the HFV Liquidating Trust | |
|---|---|
| **PERKINS COIE LLP**<br>Eric E. Walker, IL Bar No. 6290993<br>Kathleen M. Allare, IL Bar No. 6326536<br>110 North Wacker, Suite 3400<br>Chicago, IL 60606<br>EWalker@perkinscoie.com<br>Kallare@perkinscoie.com | **HOWARD & HOWARD ATTORNEYS PLLC**<br>James E. Morgan (Fed. Id. No. 90785074)<br>450 West Fourth Street<br>Royal Oak, Michigan 47067-2557<br>jem@h2law.com |
| **Counsel to United States Trustee** | |
| Leslie K. Berg<br>211 West Fort St., Suite 700<br>Detroit, MI 48226<br>Leslie.K.Berg@usdoj.gov | |

If you mail your Response to the Court for filing, you must mail it early enough so that it will be **<u>received</u>** on or before the Objection Deadline stated above. All attorneys are required to file pleadings electronically.

A Response should include the below information:

- A. a caption setting forth the name of the Court, the name of the Trust, the case number, and the title of the Fourth Omnibus Objection to which the Response is directed;

- B. the claimant's name and an explanation for the amount of the Claim;

- C. a concise statement setting forth the reasons why the Court should not sustain the Fourth Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Fourth Omnibus Objection;

- D. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Fourth Omnibus Objection at the hearing; and

E.     the claimant's name, address, telephone number, and email address and/or the name, address, telephone number and email address of the claimant's attorney and/or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any (collectively, the "Notice Addresses"). If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Fourth Omnibus Objection (including all Claims to be disallowed and expunged and the surviving Claims).

2.     Attend the hearing on the objection, scheduled to be held on **July 25, 2022, at 11:00 a.m.** in Courtroom 1825, United States Bankruptcy Court, 211 West Fort St., Detroit, MI, unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

Judge Randon is conducting all conferences and non-evidentiary hearings by telephone. At least five minutes prior to the scheduled hearing, counsel and parties should call 1-888-363-4734 and use Access Code 2795304. Please place phone on mute and wait until your case is called. Once your case is called, please unmute your phone and participate.

Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

If you have any questions regarding the Fourth Omnibus Objection and/or if you wish to obtain a copy of the Fourth Omnibus Objection or related documents, you may call the Trust's claims agent at (866) 223-7306. You may also obtain a copy of the Fourth Omnibus Objection or related documents by visiting the Trust's restructuring website at www.cases.stretto.com/hfv/.

Dated: June 22, 2022

By: */s/ Eric E. Walker*

**PERKINS COIE LLP**
Eric E. Walker, IL Bar No. 6290993
Kathleen M. Allare, IL Bar No. 6326536
110 North Wacker, Suite 3400
Chicago, IL 60606
Telephone: (312) 324-8400
Fax:        (312) 324-9400
Email:      EWalker@perkinscoie.com
            Kallare@perkinscoie.com

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**
James E. Morgan (Fed. Id. No. 90785074)
450 West Fourth Street
Royal Oak, Michigan 47067-2557
Telephone: (248) 645-1483
Fax:        (248) 645-1568
Email:      jem@h2law.com

*Counsel for HFV Liquidating Trust*