# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:                                    Case No. 20-51066-mar

HFV LIQUIDATING TRUST,                    Chapter 11

            Debtor.        Honorable Mark A. Randon

---

### ORDER SUSTAINING SECOND OMNIBUS OBJECTION OF THE HFV LIQUIDATING TRUST TO (A) NO LIABILITY CLAIMS, (B) SATISFIED CLAIMS, AND (C) CLAIMS TO BE MODIFIED

Upon the second omnibus objection (the "Second Omnibus Claims Objection") of the HFV Liquidating Trust (the "Trust"), for entry of an order (this "Order"), (a) disallowing the Claims set forth on **Schedules 1–2** attached hereto and (b) modifying and/or reclassifying the claims listed on **Schedule 3** attached hereto, and as more fully set forth in the Second Omnibus Claims Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Second Omnibus Claims Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Second Omnibus Claims Objection is in the best interests of the Trust, its creditors, and other parties in interest; and this Court having found that the Trust's

notice of the Second Omnibus Claims Objection and opportunity for a hearing on the Second Omnibus Claims Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Second Omnibus Claims Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Second Omnibus Claims Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Second Omnibus Claims Objection is sustained as set forth herein.

2.      The No Liability Claims set forth on **Schedule 1** are disallowed and expunged in their entirety.

3.      The Satisfied Claims on **Schedule 2** are disallowed and expunged in their entirety.

4.      The Modified Claims are hereby modified and/or priority status reflected in the column titled "Modified Claims" on **Schedule 3** to this Order.  The Modified Claims will remain on the claims register maintained by the Trust (the "Claims Register") and such Claims are neither allowed nor disallowed at this time and remain subject to future objection on any basis.  Nothing contained herein

shall constitute, nor shall it be deemed to constitute, the allowance of any of the Modified Claims.

5.     Each objection by the Trust to each Claim addressed in the Second Omnibus Claims Objection and as identified in **Schedules 1–3** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6.     The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

7.     Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Second Omnibus Claims Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant

to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

9.      The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Second Omnibus Claims Objection.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on July 20, 2022**



/s/ Mark A. Randon

**Mark A. Randon**
**United States Bankruptcy Judge**