# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-51066-mar |
| HFV LIQUIDATING TRUST, | Chapter 11 |
| Debtor. | Honorable Mark A. Randon |

### ORDER SUSTAINING FOURTH OMNIBUS OBJECTION OF THE HFV LIQUIDATING TRUST TO (A) AMENDED OR SUPERSEDED CLAIMS, (B) DUPLICATE CLAIMS, (C) NO LIABILITY CLAIMS, AND (D) SATISFIED CLAIMS

Upon the objection (the "Fourth Objection") of the HFV Liquidating Trust (the "Trust"), for entry of an order (this "Order"), (a) disallowing the Claims as set forth on **Schedules 1–4** attached hereto, all as more fully set forth in the Fourth Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Fourth Objection is in the best interests of the Trust, its creditors, and other parties in interest; and this Court having found that the Trust's notice of the Fourth Objection and opportunity for a hearing on the Fourth Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed

the Fourth Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Fourth Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Fourth Objection is sustained as set forth herein.

2. The Amended Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 1** attached hereto in the column titled "Remaining Claims."

3. The Duplicate Claims set forth on the attached **Schedule 2** are hereby disallowed and expunged in their entirety; *provided that* this Order will not affect the Proofs of Claim identified on **Schedule 2** attached hereto in the column titled "Remaining Claims."

4. The No Liability Claims set forth on **Schedule 3** are disallowed and expunged in their entirety.

5. The Satisfied Claims set forth on **Schedule 4** are disallowed and expunged in their entirety.

6.  Each objection by the Trust to each Claim addressed in the Fourth Objection as identified in **Schedules 1–4** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7.  The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

8.  Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

9.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Fourth Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law.  Any payment made pursuant to this

Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

10. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Fourth Objection.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on July 25, 2022**

/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge