# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-51066-mar |
| HFV LIQUIDATING TRUST, | Chapter 11 |
| Debtor. | Honorable Mark A. Randon |

## ORDER SUSTAINING PREVIOUSLY ADJOURNED CLAIM OBJECTIONS

Upon the previously adjourned claim objections (the "Adjourned Objections") of the HFV Liquidating Trust (the "Trust"), for entry of an order (this "Order"), disallowing and/or modifying the Claims as set forth in **Exhibit A** attached hereto, and as more fully set forth in the Trust's First Omnibus Claim Objection, Second Omnibus Claim Objection, and Third Omnibus Claim Objection (collectively, the "Omnibus Claims Objections")[1]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Omnibus Claims

---

[1] "First Omnibus Claim Objection" means the *First Omnibus Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, and (C) Certain No Liability Claims* [Docket. No. 779].

"Second Omnibus Claim Objection" means the *Second Omnibus Objection of the HFV Liquidating Trust to (A) No Liability Claims, (B) Satisfied Claims, and (C) Claims to be Modified* [Docket No. 791]

"Third Omnibus Claim Objection" means the *Third Omnibus Objection of the HFV Liquidating Trust to (A) Amended or Superseded Claims, (B) Duplicate Claims, (C) No Liability Claims, and (D) Claims to be Modified* [Docket No. 795]

Objections in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Omnibus Claims Objections with respect to the Adjourned Objections is in the best interests of the Trust, its creditors, and other parties in interest; and this Court having found that the Trust's notice of the Omnibus Claims Objections and opportunity for a hearing on the Omnibus Claims Objections was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Omnibus Claims Objections with respect to the Adjourned Objections, the responses thereto, and having heard the statements in support of the relief requested in the Omnibus Claims Objections at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Omnibus Claims Objection establish just cause for the relief granted herein; and upon all of the proceedings held before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Omnibus Claims Objections are sustained with respect to the Adjourned Objections as set forth herein.

2. Any and all responses to the Omnibus Claims Objection that have not been withdrawn or resolved are hereby overruled.

3. The Duplicate Claim set forth in **Exhibit A** is hereby disallowed and expunged in its entirety.

4. The Satisfied Claim set forth in **Exhibit A** is disallowed and expunged in its entirety.

5. The No Liability Claims set forth in **Exhibit A** are disallowed and expunged in their entirety.

6. The Modified Claim set forth in **Exhibit A** is hereby modified as set forth on **Exhibit A**. The Modified Claim will remain on the claims register maintained by the Trust (the "Claims Register") and such Claims and remain subject to future objection on any basis.

7. Each objection by the Trust to each Claim addressed in the Omnibus Claim Objections constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Claim. Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8. The Trust's claims agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

9. Nothing in this Order shall affect the Trust's right to object to the Claims or any other Proofs of Claim at a future date on any basis.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim; (b) a waiver of the Trust's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Claim Objections; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trust's rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trust's right to subsequently dispute such claim.

11. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Omnibus Claim Objections.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit A

| Claimant Name | Claim Number / Schedule Number | Omnibus Objection | Schedule | Treatment |
|---|---|---|---|---|
| Michigan Department of Health and Human Services | 346 | 1 | 2 - Duplicate Claims | Objection Sustained — Claim Disallowed/Expunged |
| Michigan Department of Health and Human Services | 348 | 2 | 2 - Satisfied Claims | Objection Sustained — Claim Disallowed/Expunged |
| Auto-Owner's Insurance Company | 210 | 1 | 3 - No Liability Claim | Objection Sustained — Claim Disallowed/Expunged |
| Brian Fischer | 211 | 1 | 3 - No Liability Claim | Objection Sustained — Claim Disallowed/Expunged |
| Marjorie E. Swiecki, Trustee of the Marjorie E. Swiecki Trust | 407 | 3 | 4 - Claims to Modified | Objection Sustained — Claim Modified<br><br>Claim 407 shall be reduced and modified to reflect a nonpriority claim in the amount of **$46,015.00** as recorded in the amount shown on the Debtor's books and records. |

**Signed on August 5, 2022**



/s/ Mark A. Randon
_____
**Mark A. Randon**
**United States Bankruptcy Judge**